# UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
## DOCKETING STATEMENT--CIVIL/AGENCY CASES

**Directions:** Counsel must make a **docketing statement (civil/agency) filed** entry in CM/ECF within 14 days of docketing of the appeal, or within the due date set by the clerk's docketing notice, whichever is later. File with the entry the (1) docketing statement form with any extended answers and (2) any transcript order form. Parties proceeding pro se are not required to file a docketing statement. Opposing counsel who finds a docketing statement inaccurate or incomplete may file any objections within 10 days of service of the docketing statement using the ECF event-**docketing statement objection/correction filed**.

| | |
|---|---|
| **Appeal No. & Caption** | No.23-1719 Maryland Shall Issue, Inc. v. Montgomery Co., MD |
| **Originating No. & Caption** | 21-cv-01736-TDC, MSI v. Montgomery Co., MD |
| **Originating Court/Agency** | US District Court for the District of Maryland |

| **Jurisdiction** (answer any that apply) | |
|---|---|
| Statute establishing jurisdiction in Court of Appeals | 28 U.S.C. 1292(a)(1) |
| Time allowed for filing in Court of Appeals | 30 days for notice of appeal |
| Date of entry of order or judgment appealed | July 6, 2023 |
| Date notice of appeal or petition for review filed | July 7, 2023 |
| If cross appeal, date first appeal filed | na |
| Date of filing any post-judgment motion | na |
| Date order entered disposing of any post-judgment motion | na |
| Date of filing any motion to extend appeal period | na |
| Time for filing appeal extended to | na |
| Is appeal from final judgment or order? | ○ Yes      ⦿ No |
| If appeal is not from final judgment, why is order appealable? | |
| District court order of July 6, 2023, denied plaintiffs-appellants' motion for a preliminary injunction. That denial is appealable of right under 28 U.S.C. 1292(a)(1). | |

| **Settlement** (The docketing statement is used by the circuit mediator in pre-briefing review and mediation conducted under Local Rule 33. Counsel may make a confidential request for mediation by calling the Office of the Circuit Mediator at 843-731-9099.) | | |
|---|---|---|
| Is settlement being discussed? | ○ Yes | ⦿ No |

1/28/2020 SCC

| **Transcript** (transcript order must be attached if transcript is needed and not yet on file) | | |
|---|---|---|
| Is transcript needed for this appeal? | ● Yes | ○ No |
| Has transcript been filed in district court? | ● Yes | ○ No |
| Is transcript order attached? | ○ Yes | ● No |

| **Case Handling Requirements** (answer any that apply) | | |
|---|---|---|
| Case number of any prior appeal in same case | na | |
| Case number of any pending appeal in same case | na | |
| Identification of any case pending in this Court or Supreme Court raising similar issue | MSI v. Moore, No. 21-2017 (4th Cir.). | |
| | If abeyance or consolidation is warranted, counsel must file an appropriate motion. | |
| Is expedited disposition necessary? | ● Yes | ○ No |
| | If yes, motion to expedite must be filed. | |
| Is oral argument necessary? | ● Yes | ○ No |
| Does case involve question of first impression? | ○ Yes | ● No |
| Does appeal challenge constitutionality of federal or state statute in case to which federal or state government is not a party | ○ Yes | ● No |
| | If yes, notice re: challenge to constitutionality of law must be filed. | |

| **Nature of Case** (Nature of case and disposition below. Attach additional page if necessary.) |
|---|
| Plaintiffs challenge the constitutionality of portions of Chapter 57 of the Montgomery Co., MD, Code under the Second Amendment, as construed in NYSRPA v. Bruen, 142 U.S. 2111 (2023). Bruen held that the Second Amendment protected "the general right to publicly carry arms for self-defense," 142 S.Ct. at 2134, but stated that a State may condition that "Second Amendment right to public carry" on obtaining a carry permit from the State if the permit is issued on an otherwise reasonable and objective "shall issue" basis.142 S.Ct. at 2138 & n.9. The challenged portions of chapter 57 have made it effectively impossible for carry permit holders to exercise this right to carry in public by establishing thousands of 100-yard buffer zones throughout the County in which all firearms are banned. The individual plaintiffs in this case have wear and carry permits issued by the State of Maryland. MSI, a Section 501(c)(4) membership  advocacy organization, represents its members who have carry permits. Plaintiff Engage Armament is a federally and state licensed firearms dealer. Plaintiff ICE Firearms and its owners are certified instructors in firearms. Plaintiffs filed a motion for a preliminary injunction to enjoin enforcement of these portions of Chapter 57. The district court denied that motion. Plaintiffs have appealed that denial in this appeal under 28 U.S.C. 1292(a)(1). |

**Issues** (Non-binding statement of issues on appeal. Attach additional page if necessary)

1. Whether, under NYSRPA v. Bruen, the district court erred in denying plaintiffs' motion for a preliminary injunction where the challenged Montgomery County, MD, ordinance has effectively banned the public possession and transport of all firearms throughout the County in violation of the "general right" to go armed in public protected by the Second Amendment, as construed in Bruen.

2. Whether the district court abused its discretion or committed an error of law in holding that the continuing denial of a constitutional right protected by Second Amendment, as construed in Bruen, is not sufficient irreparable harm for purpose of preliminary injunctive relief and by further requiring plaintiffs to show an "imminent" need to exercise the right of armed self-defense recognized in Bruen.

3. Whether the district court abused its discretion or committed an error of law in ignoring the public interest served by enforcing constitutional rights and by giving controlling weight to hypothethical "public safety" rationales proffered by the County without regard to the self-defense interests of plaintiffs, thereby, in effect, adopting the balancing test rejected in Bruen under the guise of conducting the "public interest" inquiry for preliminary injunctive relief.

**Adverse Parties** (List adverse parties to this appeal and their attorneys; provide party's address if the party is not represented by counsel. Attach additional page if necessary.)

| Adverse Party: Montgomery Co., Maryland | Adverse Party: Montgomery Co., MD |
|---|---|
| Attorney: Edward Lattner<br>Address: 101 Monroe Street, Third Floor<br>Rockville, Maryland 20850-2540 | Attorney: Erin Ashbarry<br>Address: 101 Monroe Street, Third Floor<br>Rockville, Maryland 20850-2540 |
| E-mail: edward.lattner@montgomerycountymd.go | E-mail: erin.ashbarry@montgomerycountymd.gov |
| Phone: 240-777-6700 | Phone: 240-777-6700 |

**Adverse Parties (continued)**

| Adverse Party: Montgomery Co., MD | Adverse Party: |
|---|---|
| Attorney: Patricia Kane<br>Address: 101 Monroe Street, Third Floor<br>Rockville, Maryland 20850-2540 | Attorney:<br>Address: |
| E-mail: Patricia.kane@montgomerycountymd.gov | E-mail: |
| Phone: 240-777-6700 | Phone: |

| **Appellant** (Attach additional page if necessary.) ||
|---|---|
| Name: Maryland Shall Issue, Inc.<br><br>Attorney: Mark W. Pennak<br>Address: 7416 Ridgewood Ave.<br>Chevy Chase, MD 20815<br><br>E-mail: m.pennak@me.com<br><br>Phone: 301 873 3671 | Name: Engage Armament, LLC<br><br>Attorney: Mark W. Pennak<br>Address: same<br><br><br><br>E-mail: same<br><br>Phone: same |
| **Appellant (continued)** ||
| Name: Andrew Raymond<br><br>Attorney: Mark W. Pennak<br>Address: same<br><br><br><br>E-mail: same<br><br>Phone: same | Name: Carlos Rabanales<br><br>Attorney: Mark W. Pennak<br>Address: same<br><br><br><br>E-mail: same<br><br>Phone: same |

Signature: /s/ Mark W. Pennak     Date: 07/11/2023

Counsel for: All Plaintiffs-Appellants

**Certificate of Service** *(required for parties served outside CM/ECF)*: I certify that this document was served on _____ by ☐ personal delivery; ☐ mail; ☐ third-party commercial carrier; or ☐ email (with written consent) on the following persons at the addresses or email addresses shown:

NA

Signature:     Date:

| **Appellant** (Attach additional page if necessary.) ||
|---|---|
| Name: Ronald David<br><br>Attorney: Mark W. Pennak<br>Address: same<br><br><br>E-mail: same<br><br>Phone: same | Name: Nancy David<br><br>Attorney: Mark W. Pennak<br>Address: same<br><br><br>E-mail: same<br><br>Phone: same |

| **Appellant (continued)** ||
|---|---|
| Name: Eliyahu Shemony<br><br>Attorney: Mark W. Pennak<br>Address: same<br><br><br>E-mail: same<br><br>Phone: same | Name:<br><br>Attorney:<br>Address:<br><br><br>E-mail:<br><br>Phone: |

Signature: /s/ Mark W. Pennak      Date: 07/11/2023

Counsel for: All Plaintiffs-Appellants

**Certificate of Service** *(required for parties served outside CM/ECF)*: I certify that this document was served on _____ by ☐ personal delivery; ☐ mail; ☐ third-party commercial carrier; or ☐ email (with written consent) on the following persons at the addresses or email addresses shown:

NA

Signature: /s/ Mark W. Pennak      Date: 07/11/2023

| **Appellant** (Attach additional page if necessary.) ||
|---|---|
| Name: Brandon Ferrell<br><br>Attorney: Mark W. Pennak<br>Address: same<br><br>E-mail: same<br><br>Phone: same | Name: Deryck Weaver<br><br>Attorney: Mark W. Pennak<br>Address: Same<br><br>E-mail: same<br><br>Phone: same |
| **Appellant (continued)** ||
| Name: Joshua Edgar<br><br>Attorney: Mark W. Pennak<br>Address: same<br><br>E-mail: same<br><br>Phone: same | Name: I.C.E. Firearms & Defensive Training, LLC<br><br>Attorney: Mark W. Pennak<br>Address: same<br><br>E-mail: same<br><br>Phone: same |

Signature: /s/ Mark W. Pennak                Date: 07/11/2023

Counsel for: All Plaintiffs-Appellants

**Certificate of Service** *(required for parties served outside CM/ECF)*: I certify that this document was served on _____ by ☐ personal delivery; ☐ mail; ☐ third-party commercial carrier; or ☐ email (with written consent) on the following persons at the addresses or email addresses shown:

NA

Signature: /s/ Mark W. Pennak                Date: 07/11/2023