2023 Maryland Session Laws Ch. 680

WES MOORE, Governor          Ch. 680

Chapter 680

**(Senate Bill 1)**

AN ACT concerning

**Criminal Law – Wearing, Carrying, or Transporting Firearms – Restrictions (Gun Safety Act of 2023)**

FOR the purpose of prohibiting a person from knowingly wearing, carrying, or transporting a firearm *in certain locations; prohibiting a person from wearing, carrying, or transporting a firearm onto certain property unless the owner or the owner's agent has given certain permission; altering certain provisions of law relating to the authority of the Secretary of State Police to limit the wearing, carrying, or transporting of a handgun at certain times and locations;* ~~onto the real property of another unless the other has given certain permission; prohibiting a person from knowingly wearing, carrying, or transporting a firearm within a certain distance of a certain place of public accommodation prohibiting a person from wearing, carrying, or transporting a firearm under certain circumstances and in certain locations; altering the circumstances under which a person is prohibited from possessing a regulated firearm; altering provisions of law relating to obtaining and revoking a permit to wear, carry, or transport a firearm;~~ and generally relating to restrictions on wearing, carrying, or transporting firearms.

BY adding to
     Article – Criminal Law
     Section 4–111 and ~~4–112~~ 6–411
     Annotated Code of Maryland
     (2021 Replacement Volume and 2022 Supplement)

*BY repealing and reenacting, with amendments,*
     *Article – Criminal Law*
     *Section 4–203(b)*
     *Annotated Code of Maryland*
     *(2021 Replacement Volume and 2022 Supplement)*

~~BY repealing and reenacting, without amendments,~~
     ~~Article – State Government~~
     ~~Section 20–301~~
     ~~Annotated Code of Maryland~~
     ~~(2021 Replacement Volume and 2022 Supplement)~~

~~BY repealing and reenacting, without amendments,~~
     ~~Article – Public Safety~~
     ~~Section 5–301(a), (b), (c), and (e), 5–303, and 5–309~~
     ~~Annotated Code of Maryland~~
     ~~(2022 Replacement Volume)~~

Ch. 680                         2023 LAWS OF MARYLAND

~~BY repealing and reenacting, with amendments,~~
~~Article – Public Safety~~
~~Section 5–306, 5–307, and 5–310 through 5–312~~
~~Annotated Code of Maryland~~
~~(2022 Replacement Volume)~~

*BY repealing and reenacting, with amendments,*
*Article – Public Safety*
*Section 5–307*
*Annotated Code of Maryland*
*(2022 Replacement Volume)*

SECTION 1. BE IT ENACTED BY THE GENERAL ASSEMBLY OF MARYLAND, That the Laws of Maryland read as follows:

**Article – Criminal Law**

~~4–111.~~

~~(A)    IN THIS SECTION, "FIREARM" HAS THE MEANING STATED IN § 4–104 OF THIS SUBTITLE.~~

~~(B)    THIS SECTION DOES NOT APPLY TO:~~

~~(1)    THE WEARING, CARRYING, OR TRANSPORTING OF A FIREARM ON A PORTION OF REAL PROPERTY SUBJECT TO AN EASEMENT, A RIGHT–OF–WAY, A SERVITUDE, OR ANY OTHER INTEREST THAT ALLOWS PUBLIC ACCESS ON OR THROUGH THE REAL PROPERTY;~~

~~(2)    THE WEARING, CARRYING, OR TRANSPORTING OF A FIREARM ON A PORTION OF REAL PROPERTY SUBJECT TO AN EASEMENT, A RIGHT–OF–WAY, A SERVITUDE, OR ANY OTHER INTEREST ALLOWING ACCESS ON OR THROUGH THE REAL PROPERTY BY:~~

~~(I)    THE HOLDER OF THE EASEMENT, RIGHT–OF–WAY, SERVITUDE, OR OTHER INTEREST; OR~~

~~(II)    A GUEST OR ASSIGNEE OF THE HOLDER OF THE EASEMENT, RIGHT–OF–WAY, SERVITUDE, OR OTHER INTEREST; OR~~

~~(3)    PROPERTY OWNED BY THE STATE OR A POLITICAL SUBDIVISION OF THE STATE.~~

WES MOORE, Governor                                              Ch. 680

(C)    A PERSON MAY NOT KNOWINGLY WEAR, CARRY, OR TRANSPORT A FIREARM ONTO THE REAL PROPERTY OF ANOTHER UNLESS THE OTHER HAS GIVEN EXPRESS PERMISSION, EITHER TO THE PERSON OR TO THE PUBLIC GENERALLY, TO WEAR, CARRY, OR TRANSPORT A FIREARM ON THE REAL PROPERTY.

(D)    A PERSON WHO VIOLATES SUBSECTION (C) OF THIS SECTION IS GUILTY OF A MISDEMEANOR AND ON CONVICTION IS SUBJECT TO IMPRISONMENT NOT EXCEEDING 1 YEAR.

4–112.

(A)    (1)    IN THIS SECTION THE FOLLOWING WORDS HAVE THE MEANINGS INDICATED.

(2)    "FIREARM" HAS THE MEANING STATED IN § 4–104 OF THIS SUBTITLE.

(3)    "PLACE OF PUBLIC ACCOMMODATION" HAS THE MEANING STATED IN § 20–301 OF THE STATE GOVERNMENT ARTICLE.

(B)    A PERSON MAY NOT KNOWINGLY WEAR, CARRY, OR TRANSPORT A FIREARM WITHIN 100 FEET OF A PLACE OF PUBLIC ACCOMMODATION.

(C)    A PERSON WHO VIOLATES SUBSECTION (B) OF THIS SECTION IS GUILTY OF A MISDEMEANOR AND ON CONVICTION IS SUBJECT TO IMPRISONMENT NOT EXCEEDING 1 YEAR.

**Article – State Government**

20–301.

In this subtitle, "place of public accommodation" means:

(1)    an inn, hotel, motel, or other establishment that provides lodging to transient guests;

(2)    a restaurant, cafeteria, lunchroom, lunch counter, soda fountain, or other facility principally engaged in selling food or alcoholic beverages for consumption on or off the premises, including a facility located on the premises of a retail establishment or gasoline station;

(3)    a motion picture house, theater, concert hall, sports arena, stadium, or other place of exhibition or entertainment;

(4)    a retail establishment that:

– 3 –

Ch. 680                                                    2023 LAWS OF MARYLAND

~~(i)       is operated by a public or private entity; and~~

~~(ii)      offers    goods,    services,    entertainment,    recreation,    or transportation; or~~

~~(5)      an establishment:~~

~~(i)      1.      that is physically located within the premises of any other establishment covered by this subtitle; or~~

~~2.      within   the   premises   of   which   any   other   establishment covered by this subtitle is physically located; and~~

~~(ii)      that   holds   itself   out   as   serving   patrons   of   the   covered establishment.~~

**4–111.**

(A)      (1)      IN THIS SECTION THE FOLLOWING WORDS HAVE THE MEANINGS INDICATED.

(2)      "AREA FOR CHILDREN AND VULNERABLE INDIVIDUALS" MEANS:

(I)      A PRESCHOOL OR PREKINDERGARTEN FACILITY *OR THE GROUNDS OF THE FACILITY*;

(II)      A PRIVATE PRIMARY OR SECONDARY SCHOOL *OR THE GROUNDS OF THE SCHOOL*; *OR*

~~(III)      A YOUTH CAMP, AS DEFINED IN § 14–401 OF THE HEALTH – GENERAL ARTICLE;~~

~~(IV)~~      A HEALTH CARE FACILITY, AS DEFINED IN ~~§ 15–10B–01~~ *§ 15–10B–01(G)(1), (2), (3), AND (4)* OF THE INSURANCE ARTICLE~~; OR~~

~~(V)      A   LOCATION   THAT   IS   BEING   USED   AS   A   SHELTER   FOR RUNAWAY YOUTH.~~

(3)      "FIREARM" HAS THE MEANING STATED IN § 4–104 OF THIS SUBTITLE.

(4)      "GOVERNMENT OR PUBLIC INFRASTRUCTURE AREA" MEANS:

– 4 –

WES MOORE, Governor    Ch. 680

(I)    A BUILDING *OR ANY PART OF A BUILDING* OWNED OR LEASED BY A UNIT OF STATE OR LOCAL GOVERNMENT;

(II)    A BUILDING OF A PUBLIC OR PRIVATE INSTITUTION OF HIGHER EDUCATION, AS DEFINED IN § 10–101 OF THE EDUCATION ARTICLE;

(III)    A LOCATION THAT IS CURRENTLY BEING USED AS A POLLING PLACE IN ACCORDANCE WITH TITLE 10 OF THE ELECTION LAW ARTICLE OR FOR CANVASSING BALLOTS IN ACCORDANCE WITH TITLE 11 OF THE ELECTION LAW ARTICLE; ~~OR~~

(IV)    AN ELECTRIC PLANT OR ELECTRIC STORAGE FACILITY, AS DEFINED IN § 1–101 OF THE PUBLIC UTILITIES ARTICLE*;*

*(V)    A GAS PLANT, AS DEFINED IN § 1–101 OF THE PUBLIC UTILITIES ARTICLE; OR*

*(VI)    A NUCLEAR POWER PLANT FACILITY.*

*(5)    "LAW ENFORCEMENT OFFICIAL" HAS THE MEANING STATED IN § 4–201 OF THIS ARTICLE.*

*(6)    "POLICE OFFICER" HAS THE MEANING STATED IN § 3–201 OF THE PUBLIC SAFETY ARTICLE.*

~~(5)    "ORGANIZED SPORTING OR ATHLETIC ACTIVITY" MEANS AN ACTIVITY IN WHICH THREE OR MORE INDIVIDUALS WHO ARE PART OF THE SAME LEAGUE OR ASSOCIATION ARE COMPETING IN A SPORT OR ATHLETIC ACTIVITY TOGETHER AS PART OF THE SAME LEAGUE.~~

~~(6)~~ *(7)*    "ROTC" MEANS RESERVE OFFICER TRAINING CORPS.

~~(7)~~ *(8)*    "SPECIAL PURPOSE AREA" MEANS:

(I)    A LOCATION LICENSED TO SELL OR DISPENSE ALCOHOL OR CANNABIS FOR ON–SITE CONSUMPTION;

(II)    A STADIUM;

(III)    A MUSEUM;

(IV)    ~~A LOCATION BEING USED FOR:~~

~~1.    AN ORGANIZED SPORTING OR ATHLETIC ACTIVITY;~~

– 5 –

~~2.~~ ~~A LIVE THEATER PERFORMANCE;~~

~~3.~~ ~~A MUSICAL CONCERT OR PERFORMANCE FOR WHICH MEMBERS OF THE AUDIENCE ARE REQUIRED TO PAY OR POSSESS A TICKET TO BE ADMITTED; OR~~ *AN AMUSEMENT PARK;*

~~4.~~ ~~A FAIR OR CARNIVAL;~~

(V) A RACETRACK; *OR*

(VI) A VIDEO LOTTERY FACILITY, AS DEFINED IN § 9–1A–01 OF THE STATE GOVERNMENT ARTICLE~~; OR~~

~~(VII)~~ ~~WITHIN 100 YARDS OF A PLACE WHERE A PUBLIC GATHERING, A DEMONSTRATION, OR AN EVENT WHICH REQUIRES A PERMIT FROM THE LOCAL GOVERNING BODY IS BEING HELD, IF SIGNS POSTED BY A LAW ENFORCEMENT AGENCY CONSPICUOUSLY AND REASONABLY INFORM MEMBERS OF THE PUBLIC THAT THE WEARING, CARRYING, AND TRANSPORTING OF FIREARMS IS PROHIBITED.~~

(B) THIS SECTION DOES NOT APPLY TO:

(1) A LAW ENFORCEMENT OFFICIAL *OR A POLICE OFFICER* ~~OF THE UNITED STATES, THE STATE, OR A LOCAL LAW ENFORCEMENT AGENCY OF THE STATE;~~

*(2) AN ON–DUTY EMPLOYEE OF A LAW ENFORCEMENT AGENCY AUTHORIZED BY THE AGENCY TO POSSESS FIREARMS ON DUTY OR WHOSE DUTY ASSIGNMENT INVOLVES THE POSSESSION OF FIREARMS;*

~~(2)~~ *(3)* A MEMBER OF THE ARMED FORCES OF THE UNITED STATES, ~~OR~~ THE NATIONAL GUARD, *OR THE UNIFORMED SERVICES* ON DUTY OR TRAVELING TO OR FROM DUTY;

~~(3)~~ *(4)* A MEMBER OF AN ROTC PROGRAM WHILE PARTICIPATING IN AN ACTIVITY FOR AN ROTC PROGRAM;

~~(4)~~ ~~A LAW ENFORCEMENT OFFICIAL OF ANOTHER STATE OR SUBDIVISION OF ANOTHER STATE TEMPORARILY IN THIS STATE ON OFFICIAL BUSINESS;~~

WES MOORE, Governor                                    Ch. 680

(5)     A CORRECTIONAL OFFICER OR WARDEN OF A CORRECTIONAL FACILITY IN THE STATE;

(6)     ~~A SHERIFF OR FULL-TIME ASSISTANT OR DEPUTY SHERIFF OF THE STATE;~~

(6)     *A RAILROAD POLICE OFFICER APPOINTED UNDER TITLE 3, SUBTITLE 4 OF THE PUBLIC SAFETY ARTICLE;*

(7)     *AN EMPLOYEE OF AN ARMORED CAR COMPANY, IF THE PERSON IS ACTING WITHIN THE SCOPE OF EMPLOYMENT AND HAS A VALID PERMIT TO WEAR, CARRY, OR TRANSPORT A HANDGUN ISSUED UNDER TITLE 5, SUBTITLE 3 OF THE PUBLIC SAFETY ARTICLE;*

~~(7)~~ *(8)*     SUBJECT TO SUBSECTION (I) OF THIS SECTION, ~~AN OFF-DUTY LAW ENFORCEMENT OFFICIAL OR~~ A PERSON WHO HAS RETIRED AS A LAW ENFORCEMENT OFFICIAL IN GOOD STANDING FROM A LAW ENFORCEMENT AGENCY OF THE UNITED STATES, THE STATE *OR ANOTHER STATE,* OR A LOCAL UNIT IN THE STATE *OR ANOTHER STATE,* WHO POSSESSES A FIREARM, IF:

(I)     1.     THE ~~OFFICIAL OR~~ PERSON IS ~~DISPLAYING~~ *CARRYING* THE ~~OFFICIAL'S OR~~ PERSON'S BADGE OR CREDENTIAL *IN COMPLIANCE WITH THE REQUIREMENTS OF THE BADGE OR CREDENTIAL*;

2.     THE FIREARM CARRIED OR POSSESSED BY THE ~~OFFICIAL OR~~ PERSON IS CONCEALED FROM VIEW UNDER OR WITHIN AN ARTICLE OF THE ~~OFFICIAL'S OR~~ PERSON'S CLOTHING; AND

3.     THE ~~OFFICIAL OR~~ PERSON IS AUTHORIZED TO CARRY A HANDGUN UNDER THE LAWS OF THE STATE OR THE UNITED STATES; OR

(II)     1.     THE ~~OFFICIAL OR~~ PERSON POSSESSES A VALID PERMIT TO WEAR, CARRY, OR TRANSPORT A HANDGUN ISSUED UNDER TITLE 5, SUBTITLE 3 OF THE PUBLIC SAFETY ARTICLE; AND

2.     THE FIREARM CARRIED OR POSSESSED BY THE ~~OFFICIAL OR~~ PERSON IS CONCEALED FROM VIEW UNDER OR WITHIN AN ARTICLE OF THE ~~OFFICIAL'S OR~~ PERSON'S CLOTHING;

~~(8)~~ *(9)*     FOR A LOCATION THAT IS NOT OWNED BY, LEASED BY, OR OTHERWISE UNDER THE CONTROL OF THE STATE OR A POLITICAL SUBDIVISION OF THE STATE:

(I)     THE OWNER OR LESSEE OF THE LOCATION; OR

(II)    A PERSON WHO IS AUTHORIZED BY THE OWNER OR LESSEE OF THE LOCATION TO WEAR, CARRY, OR TRANSPORT A FIREARM AT THE LOCATION FOR THE PURPOSE OF:

1.    EMPLOYMENT AS A SECURITY GUARD LICENSED UNDER TITLE 19 OF THE BUSINESS OCCUPATIONS ARTICLE; OR

2.    PROTECTING ANY INDIVIDUAL OR PROPERTY AT THE LOCATION ~~WITHOUT~~ *WITH AN EXPRESS AGREEMENT BETWEEN THE PARTIES,* REMUNERATION, OR COMPENSATION; ~~*OR*~~

~~(9)~~ *(10)*    A LOCATION BEING USED WITH THE PERMISSION OF THE PERSON OR GOVERNMENTAL UNIT THAT OWNS, LEASES, OR CONTROLS THE LOCATION FOR:

(I)    AN ORGANIZED SHOOTING ACTIVITY FOR EDUCATIONAL PURPOSES;

(II)    A HISTORICAL DEMONSTRATION USING A FIREARM; OR

(III)    HUNTING OR TARGET SHOOTING*; OR*

*(11)    A FIREARM THAT IS CARRIED OR TRANSPORTED IN A MOTOR VEHICLE IF THE FIREARM IS:*

*(I)    LOCKED IN A CONTAINER; OR*

*(II)    A HANDGUN WORN, CARRIED, OR TRANSPORTED IN COMPLIANCE WITH ANY LIMITATIONS IMPOSED UNDER § 5–307 OF THE PUBLIC SAFETY ARTICLE, BY A PERSON TO WHOM A PERMIT TO WEAR, CARRY, OR TRANSPORT THE HANDGUN HAS BEEN ISSUED UNDER TITLE 5, SUBTITLE 3 OF THE PUBLIC SAFETY ARTICLE*~~; OR~~

~~(10)    A FIREARM THAT IS CARRIED OR TRANSPORTED IN A MOTOR VEHICLE IF THE FIREARM IS:~~

~~(I)    UNLOADED; AND~~

~~(II)    LOCKED IN A CONTAINER THAT IS SEPARATE FROM ANY AMMUNITION THAT IS SUITABLE FOR USE IN THE FIREARM.~~

WES MOORE, Governor                                  Ch. 680

**(C)     A PERSON MAY NOT WEAR, CARRY, OR TRANSPORT A FIREARM IN AN AREA FOR CHILDREN OR VULNERABLE INDIVIDUALS.**

**~~(D)~~ *(D)*     *(1)*     A PERSON MAY NOT WEAR, CARRY, OR TRANSPORT A FIREARM IN A GOVERNMENT OR PUBLIC INFRASTRUCTURE AREA.**

**          *(2)     A GOVERNMENT OR PUBLIC INFRASTRUCTURE AREA SPECIFIED UNDER SUBSECTION (A)(4)(I) OF THIS SECTION MUST DISPLAY A CLEAR AND CONSPICUOUS SIGN AT THE MAIN ENTRANCE OF THE BUILDING OR THE PART OF A BUILDING THAT IS OWNED OR LEASED BY THE UNIT OF STATE OR LOCAL GOVERNMENT INDICATING THAT IT IS NOT PERMISSIBLE TO WEAR, CARRY, OR TRANSPORT A FIREARM IN THE BUILDING OR THAT PART OF THE BUILDING.***

**(E)     ~~(1)     THIS SUBSECTION DOES NOT APPLY TO AN ORGANIZED SPORTING OR ATHLETIC ACTIVITY FOR WHICH THE WEARING, CARRYING, TRANSPORTING, OR USE OF A FIREARM IS A CUSTOMARY PART OF THE SPORT OR ATHLETIC ACTIVITY.~~**

**          ~~(2)~~     A PERSON MAY NOT WEAR, CARRY, OR TRANSPORT A FIREARM IN A SPECIAL PURPOSE AREA.**

**~~(F)     A PERSON MAY NOT VIOLATE SUBSECTION (C), (D), OR (E) OF THIS SECTION WITH INTENT TO CAUSE DEATH OR INJURY TO ANOTHER.~~**

**~~(G)~~     ~~(1)~~     *(F)*     A PERSON WHO *WILLFULLY* VIOLATES SUBSECTION (C), ~~(D)~~ *(D)(1)*, OR (E) OF THIS SECTION IS GUILTY OF A MISDEMEANOR AND ON CONVICTION IS SUBJECT TO~~:~~**

**          ~~(I)     FOR A FIRST CONVICTION,~~ IMPRISONMENT NOT EXCEEDING ~~90 DAYS~~ *1 YEAR* OR A FINE NOT EXCEEDING ~~$3,000~~ *$1,000* OR BOTH~~, AND~~**

**          ~~(II)     FOR A SECOND OR SUBSEQUENT CONVICTION, IMPRISONMENT NOT EXCEEDING 15 MONTHS OR A FINE NOT EXCEEDING $7,500 OR BOTH.~~**

**          ~~(2)     A PERSON WHO VIOLATES SUBSECTION (F) OF THIS SECTION IS GUILTY OF A MISDEMEANOR AND ON CONVICTION IS SUBJECT TO IMPRISONMENT NOT EXCEEDING 15 MONTHS OR A FINE NOT EXCEEDING $7,500 OR BOTH.~~**

**~~(H)~~ *(G)*     (1)     A CONVICTION UNDER THIS SECTION MAY NOT MERGE WITH A CONVICTION FOR ANY OTHER CRIME BASED ON THE ACT ESTABLISHING THE VIOLATION OF THIS SECTION.**

– 9 –

Ch. 680                      2023 LAWS OF MARYLAND

**(2)    A SENTENCE IMPOSED UNDER THIS SECTION MAY BE IMPOSED SEPARATE FROM AND CONSECUTIVE TO OR CONCURRENT WITH A SENTENCE FOR ANY CRIME BASED ON THE ACT ESTABLISHING THE VIOLATION OF THIS SECTION.**

~~**(I)**~~ **(H)    FOR PURPOSES OF THIS SECTION, A REQUIREMENT TO KEEP A HANDGUN CONCEALED IS NOT VIOLATED BY:**

**(1)    THE MOMENTARY AND INADVERTENT EXPOSURE OF A HANDGUN; OR**

**(2)    THE MOMENTARY AND INADVERTENT EXPOSURE OF THE IMPRINT OR OUTLINE OF A HANDGUN.**

*(I)    NOTHING IN THIS SECTION LIMITS THE POWER OF AN ADMINISTRATIVE HEAD OF A MARYLAND COURT TO PUNISH FOR CONTEMPT OR TO ADOPT RULES OR ORDERS REGULATING, ALLOWING, RESTRICTING, OR PROHIBITING THE POSSESSION OF WEAPONS IN ANY BUILDING HOUSING THE COURT OR ANY OF ITS PROCEEDINGS, OR ON ANY GROUNDS APPURTENANT TO THE BUILDING.*

*4–203.*

*(b)    This section does not prohibit:*

*(1)    the wearing, carrying, or transporting of a handgun by a person who is authorized at the time and under the circumstances to wear, carry, or transport the handgun as part of the person's official equipment, and is:*

*(i)    a law enforcement official of the United States, the State, or a county or city of the State;*

*(ii)    a member of the armed forces of the United States or of the National Guard on duty or traveling to or from duty;*

*(iii)    a law enforcement official of another state or subdivision of another state temporarily in this State on official business;*

*(iv)    a correctional officer or warden of a correctional facility in the State;*

*(v)    a sheriff or full–time assistant or deputy sheriff of the State; or*

*(vi)    a temporary or part–time sheriff's deputy;*

*(2)    the wearing, carrying, or transporting of a handgun[, in compliance with any limitations imposed under § 5–307 of the Public Safety Article,] by a person to*

– 10 –

WES MOORE, Governor                                        Ch. 680

*whom a permit to wear, carry, or transport the handgun has been issued under Title 5, Subtitle 3 of the Public Safety Article;*

*(3)    the carrying of a handgun on the person or in a vehicle while the person is transporting the handgun to or from the place of legal purchase or sale, or to or from a bona fide repair shop, or between bona fide residences of the person, or between the bona fide residence and place of business of the person, if the business is operated and owned substantially by the person if each handgun is unloaded and carried in an enclosed case or an enclosed holster;*

*(4)    the wearing, carrying, or transporting by a person of a handgun used in connection with an organized military activity, a target shoot, formal or informal target practice, sport shooting event, hunting, a Department of Natural Resources–sponsored firearms and hunter safety class, trapping, or a dog obedience training class or show, while the person is engaged in, on the way to, or returning from that activity if each handgun is unloaded and carried in an enclosed case or an enclosed holster;*

*(5)    the moving by a bona fide gun collector of part or all of the collector's gun collection from place to place for public or private exhibition if each handgun is unloaded and carried in an enclosed case or an enclosed holster;*

*(6)    the wearing, carrying, or transporting of a handgun by a person on real estate that the person owns or leases or where the person resides or within the confines of a business establishment that the person owns or leases;*

*(7)    the wearing, carrying, or transporting of a handgun by a supervisory employee:*

*(i)    in the course of employment;*

*(ii)    within the confines of the business establishment in which the supervisory employee is employed; and*

*(iii)    when so authorized by the owner or manager of the business establishment;*

*(8)    the carrying or transporting of a signal pistol or other visual distress signal approved by the United States Coast Guard in a vessel on the waterways of the State or, if the signal pistol or other visual distress signal is unloaded and carried in an enclosed case, in a vehicle; or*

*(9)    the wearing, carrying, or transporting of a handgun by a person who is carrying a court order requiring the surrender of the handgun, if:*

*(i)    the handgun is unloaded;*

*(ii)    the person has notified the law enforcement unit, barracks, or station that the handgun is being transported in accordance with the court order; and*

*(iii)    the person transports the handgun directly to the law enforcement unit, barracks, or station.*

6–411.

(A)    (1)    IN THIS SECTION THE FOLLOWING WORDS HAVE THE MEANINGS INDICATED.

(2)    (I)    "DWELLING" MEANS A BUILDING OR PART OF A BUILDING THAT PROVIDES LIVING OR SLEEPING FACILITIES FOR ONE OR MORE INDIVIDUALS.

(II)    "DWELLING" DOES NOT INCLUDE:

1.    COMMON ELEMENTS OF A CONDOMINIUM, AS DEFINED IN § 11–101 OF THE REAL PROPERTY ARTICLE;

2.    PROPERTY OF A COOPERATIVE HOUSING CORPORATION OTHER THAN A UNIT AS DEFINED IN § 5–6B–01 OF THE CORPORATIONS AND ASSOCIATIONS ARTICLE; OR

3.    COMMON AREAS OF A MULTIFAMILY DWELLING AS DEFINED IN § 12–203 OF THE PUBLIC SAFETY ARTICLE.

(3)    "FIREARM" HAS THE MEANING STATED IN § 4–104 OF THIS ARTICLE.

*(4)    "LAW ENFORCEMENT OFFICIAL" HAS THE MEANING STATED IN § 4–201 OF THIS ARTICLE.*

*(5)    "POLICE OFFICER" HAS THE MEANING STATED IN § 3–201 OF THE PUBLIC SAFETY ARTICLE.*

*(6)    (I)    "PROPERTY" MEANS A BUILDING.*

*(II)    "PROPERTY" DOES NOT INCLUDE THE LAND ADJACENT TO A BUILDING.*

(B)    THIS SECTION DOES NOT APPLY TO:

WES MOORE, Governor                                    Ch. 680

(1) A LAW ENFORCEMENT OFFICIAL *OR POLICE OFFICER* ~~OF THE UNITED STATES, THE STATE, OR A LOCAL LAW ENFORCEMENT AGENCY OF THE STATE;~~

*(2) AN ON–DUTY EMPLOYEE OF A LAW ENFORCEMENT AGENCY AUTHORIZED BY THE AGENCY TO POSSESS FIREARMS ON DUTY OR WHOSE DUTY ASSIGNMENT INVOLVES THE POSSESSION OF FIREARMS;*

~~(2)~~ *(3)* A MEMBER OF THE ARMED FORCES OF THE UNITED STATES, ~~OR OF~~ THE NATIONAL GUARD, *OR THE UNIFORMED SERVICES* ON DUTY OR TRAVELING TO OR FROM DUTY;

~~(3) A LAW ENFORCEMENT OFFICIAL OF ANOTHER STATE OR SUBDIVISION OF ANOTHER STATE TEMPORARILY IN THIS STATE ON OFFICIAL BUSINESS;~~

(4) A CORRECTIONAL OFFICER OR WARDEN OF A CORRECTIONAL FACILITY IN THE STATE;

~~(5) A SHERIFF OR FULL–TIME ASSISTANT OR DEPUTY SHERIFF OF THE STATE;~~

~~(6)~~ *(5)* THE WEARING, CARRYING, OR TRANSPORTING OF A FIREARM ON A PORTION OF REAL PROPERTY SUBJECT TO AN EASEMENT, A RIGHT–OF–WAY, A SERVITUDE, OR ANY OTHER PROPERTY INTEREST THAT ALLOWS PUBLIC ACCESS ON OR THROUGH THE REAL PROPERTY; OR

~~(7)~~ *(6)* THE WEARING, CARRYING, OR TRANSPORTING OF A FIREARM ON A PORTION OF REAL PROPERTY SUBJECT TO AN EASEMENT, A RIGHT–OF–WAY, A SERVITUDE, OR ANY OTHER PROPERTY INTEREST ALLOWING ACCESS ON OR THROUGH THE REAL PROPERTY BY:

(I) THE HOLDER OF THE EASEMENT, RIGHT–OF–WAY, SERVITUDE, OR OTHER PROPERTY INTEREST; OR

(II) A GUEST OR ASSIGNEE OF THE HOLDER OF THE EASEMENT, RIGHT–OF–WAY, SERVITUDE, OR OTHER PROPERTY INTEREST.

(C) A PERSON WEARING, CARRYING, OR TRANSPORTING A FIREARM MAY NOT *ENTER OR TRESPASS IN THE DWELLING OF ANOTHER UNLESS THE OWNER OR THE OWNER'S AGENT HAS GIVEN EXPRESS PERMISSION, EITHER TO THE PERSON OR TO THE PUBLIC GENERALLY, TO WEAR, CARRY, OR TRANSPORT A FIREARM INSIDE THE DWELLING.*

Ch. 680                                   2023 LAWS OF MARYLAND

*(D)*   *A PERSON WEARING, CARRYING, OR TRANSPORTING A FIREARM MAY NOT*:

*(1)*   ENTER OR TRESPASS ON PROPERTY ~~THAT IS POSTED CONSPICUOUSLY AGAINST WEARING, CARRYING, OR TRANSPORTING A FIREARM ON THE PROPERTY;~~ *UNLESS THE OWNER OR THE OWNER'S AGENT HAS POSTED A CLEAR AND CONSPICUOUS SIGN INDICATING THAT IT IS PERMISSIBLE TO WEAR, CARRY, OR TRANSPORT A FIREARM ON THE PROPERTY; OR*

*(2)*   ENTER OR TRESPASS ON PROPERTY ~~AFTER HAVING BEEN NOTIFIED BY THE OWNER OR THE OWNER'S AGENT THAT THE PERSON MAY NOT~~ *UNLESS THE OWNER OR THE OWNER'S AGENT HAS GIVEN THE PERSON EXPRESS PERMISSION TO* WEAR, CARRY, OR TRANSPORT A FIREARM ON THE PROPERTY~~; OR.~~

~~(3)   ENTER OR TRESPASS IN THE DWELLING OF ANOTHER UNLESS THE OTHER HAS GIVEN EXPRESS PERMISSION, EITHER TO THE PERSON OR TO THE PUBLIC GENERALLY, TO WEAR, CARRY, OR TRANSPORT A FIREARM INSIDE THE DWELLING.~~

~~(D)~~ *(E)*   A PERSON WHO *WILLFULLY* VIOLATES THIS SECTION IS GUILTY OF A MISDEMEANOR AND ON CONVICTION IS SUBJECT TO~~:~~

~~(1)   FOR A FIRST CONVICTION,~~ IMPRISONMENT NOT EXCEEDING ~~90 DAYS~~ *1 YEAR* OR A FINE NOT EXCEEDING ~~$500~~ *$1,000* OR BOTH~~;~~

~~(2)   FOR A SECOND CONVICTION OCCURRING WITHIN 2 YEARS AFTER THE FIRST CONVICTION, IMPRISONMENT NOT EXCEEDING 6 MONTHS OR A FINE NOT EXCEEDING $1,000 OR BOTH; AND~~

~~(3)   FOR EACH SUBSEQUENT CONVICTION OCCURRING WITHIN 2 YEARS AFTER THE PRECEDING CONVICTION, IMPRISONMENT NOT EXCEEDING 1 YEAR OR A FINE NOT EXCEEDING $2,500 OR BOTH~~.

*(F)*   *(1)*   *A CONVICTION UNDER THIS SECTION MAY NOT MERGE WITH A CONVICTION FOR ANY OTHER CRIME BASED ON THE ACT ESTABLISHING THE VIOLATION OF THIS SECTION.*

*(2)*   *A SENTENCE IMPOSED UNDER THIS SECTION MAY BE IMPOSED SEPARATE FROM AND CONSECUTIVE TO OR CONCURRENT WITH A SENTENCE FOR ANY CRIME BASED ON THE ACT ESTABLISHING THE VIOLATION OF THIS SECTION.*

**Article – Public Safety**

– 14 –

WES MOORE, Governor                                    Ch. 680

*5–307.*

    *[(a)]   A permit is valid for each handgun legally in the possession of the person to whom the permit is issued.*

    *(B)   (1)   SUBJECT TO SUBSECTION (C) OF THIS SECTION, A PERMIT ISSUED UNDER THIS SUBTITLE SHALL RESTRICT THE WEARING, CARRYING, AND TRANSPORTING OF A HANDGUN BY THE PERSON TO WHOM THE PERMIT IS ISSUED TO WEARING, CARRYING, OR TRANSPORTING A HANDGUN CONCEALED FROM VIEW:*

        *(I)   UNDER OR WITHIN AN ARTICLE OF THE PERSON'S CLOTHING; OR*

        *(II)   WITHIN AN ENCLOSED CASE.*

    *(2)   THE REQUIREMENT IN PARAGRAPH (1) OF THIS SUBSECTION TO KEEP A HANDGUN CONCEALED IS NOT VIOLATED BY:*

        *(I)   THE MOMENTARY AND INADVERTENT EXPOSURE OF A HANDGUN; OR*

        *(II)   THE MOMENTARY AND INADVERTENT EXPOSURE OF THE IMPRINT OR OUTLINE OF A HANDGUN.*

    *(C)   A PERSON IS NOT SUBJECT TO THE REQUIREMENT IN SUBSECTION (B) OF THIS SECTION TO KEEP A HANDGUN CONCEALED IF THE PERSON IS AUTHORIZED AT THE TIME AND UNDER THE CIRCUMSTANCES TO WEAR, CARRY, OR TRANSPORT THE HANDGUN AS PART OF THE PERSON'S OFFICIAL EQUIPMENT, AND IS:*

        *(1)   A PERSON EXEMPTED UNDER § 4–203(B)(1) OF THE CRIMINAL LAW ARTICLE;*

        *(2)   A SECURITY GUARD LICENSED UNDER TITLE 19 OF THE BUSINESS OCCUPATIONS ARTICLE ACTING WITHIN THE SCOPE OF EMPLOYMENT;*

        *(3)   A CORRECTIONAL OFFICER OR WARDEN OF A CORRECTIONAL FACILITY IN THE STATE ACTING WITHIN THE SCOPE OF EMPLOYMENT;*

        *(4)   A RAILROAD POLICE OFFICER APPOINTED UNDER TITLE 3, SUBTITLE 4 OF THIS ARTICLE ACTING WITHIN THE SCOPE OF EMPLOYMENT; OR*

        *(5)   AN EMPLOYEE OF AN ARMORED CAR COMPANY ACTING WITHIN THE SCOPE OF EMPLOYMENT.*

– 15 –

*[(b)    The Secretary may limit the geographic area, circumstances, or times of the day, week, month, or year in which a permit is effective.]*

~~5–301.~~

~~(a)    In this subtitle the following words have the meanings indicated.~~

~~(b)    "Handgun" has the meaning stated in § 4–201 of the Criminal Law Article.~~

~~(c)    "Permit" means a permit issued by the Secretary to carry, wear, or transport a handgun.~~

~~(e)    "Secretary" means the Secretary of State Police or the Secretary's designee.~~

~~5–303.~~

~~A person shall have a permit issued under this subtitle before the person carries, wears, or transports a handgun.~~

~~5–307.~~

~~(a)    A permit is valid for each handgun legally in the possession of the person to whom the permit is issued.~~

~~(b)    (1)    A PERMIT ISSUED UNDER THIS SUBTITLE SHALL RESTRICT THE WEARING, CARRYING, AND TRANSPORTING OF A HANDGUN BY THE PERSON TO WHOM THE PERMIT IS ISSUED TO WEARING, CARRYING, OR TRANSPORTING A HANDGUN CONCEALED FROM VIEW:~~

~~(1)    (I)    UNDER OR WITHIN AN ARTICLE OF THE PERSON'S CLOTHING; OR~~

~~(2)    (II)    WITHIN AN ENCLOSED CASE.~~

~~(2)    THE REQUIREMENT IN PARAGRAPH (1) OF THIS SUBSECTION TO KEEP A HANDGUN CONCEALED IS NOT VIOLATED BY:~~

~~(I)    THE MOMENTARY AND INADVERTENT EXPOSURE OF A HANDGUN; OR~~

~~(II)    THE MOMENTARY AND INADVERTENT EXPOSURE OF THE IMPRINT OR OUTLINE OF A HANDGUN.~~

WES MOORE, Governor                                          Ch. 680

~~(C)    The Secretary may limit the geographic area, circumstances, or times of the day, week, month, or year in which a permit is effective.~~

~~5–309.~~

~~(a)    Except as provided in subsection (d) of this section, a permit expires on the last day of the holder's birth month following 2 years after the date the permit is issued.~~

~~(b)    Subject to subsection (c) of this section, a permit may be renewed for successive periods of 3 years each if, at the time of an application for renewal, the applicant possesses the qualifications for the issuance of a permit and pays the renewal fee stated in this subtitle.~~

~~(c)    A person who applies for a renewal of a permit is not required to be fingerprinted unless the Secretary requires a set of the person's fingerprints to resolve a question of the person's identity.~~

~~(d)    The Secretary may establish an alternative expiration date for a permit to coincide with the expiration of a license, certification, or commission for:~~

~~(1)    a private detective under Title 13 of the Business Occupations and Professions Article;~~

~~(2)    a security guard under Title 19 of the Business Occupations and Professions Article; or~~

~~(3)    a special police officer under § 3–306 of this article.~~

~~5–310.~~

~~(a)    The Secretary **[**may revoke a permit on a finding that the holder**] SHALL:**~~

~~(1)    **REVOKE A PERMIT ON A FINDING THAT THE HOLDER** does not meet the qualifications described in § 5–306 of this subtitle; **[**or**] AND**~~

~~(2)    **REGULARLY REVIEW INFORMATION REGARDING ACTIVE PERMIT HOLDERS USING THE CRIMINAL JUSTICE INFORMATION SYSTEM CENTRAL REPOSITORY OF THE DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONAL SERVICES TO DETERMINE WHETHER ALL PERMIT HOLDERS CONTINUE TO MEET THE QUALIFICATIONS DESCRIBED IN § 5–306 OF THIS SUBTITLE.**~~

~~**(B)    THE SECRETARY MAY REVOKE A PERMIT ON A FINDING THAT THE HOLDER** violated § 5–308 of this subtitle.~~

– 17 –

~~(C)    IF THE SECRETARY REVOKES A PERMIT UNDER THIS SECTION FROM A PERSON THE SECRETARY DETERMINES IS PROHIBITED FROM POSSESSING A REGULATED FIREARM UNDER § 5–133 OF THIS TITLE, THE SECRETARY SHALL TAKE REASONABLE STEPS TO ENSURE THE SURRENDER OF ANY REGULATED FIREARMS IN THE PERSON'S POSSESSION.~~

~~[(b)] (D)    A holder of a permit that is revoked by the Secretary shall return the permit to the Secretary within 10 days after receipt of written notice of the revocation.~~

~~5–311.~~

~~(A)    IF THE SECRETARY DENIES A PERMIT OR RENEWAL OF A PERMIT OR REVOKES OR LIMITS A PERMIT, THE SECRETARY SHALL PROVIDE WRITTEN NOTICE OF THAT INITIAL ACTION TO THE APPLICANT, INCLUDING A DETAILED EXPLANATION OF THE REASON OR REASONS FOR THE INITIAL ACTION.~~

~~[(a)] (B)    A person who is denied a permit or renewal of a permit or whose permit is revoked or limited may request the Secretary to conduct an informal review by filing a written request within 10 days after receipt of THE written notice of the Secretary's initial action UNDER SUBSECTION (A) OF THIS SECTION.~~

~~[(b)] (C)    An informal review:~~

~~(1)    may include a personal interview of the person who requested the informal review; and~~

~~(2)    is not subject to Title 10, Subtitle 2 of the State Government Article.~~

~~[(c)] (D)    (1)    In an informal review, the Secretary shall sustain, reverse, or modify the initial action taken and notify the person who requested the informal review of the decision in writing within 30 days after receipt of the request for informal review.~~

~~(2)    THE WRITTEN NOTICE OF THE RESULTS OF THE SECRETARY'S INFORMAL REVIEW UNDER PARAGRAPH (1) OF THIS SUBSECTION SHALL INCLUDE A DETAILED EXPLANATION OF THE REASON OR REASONS FOR THE SECRETARY'S DECISION TO SUSTAIN, REVERSE, OR MODIFY THE INITIAL ACTION.~~

~~[(d)] (E)    A person need not file a request for an informal review under this section before requesting review under § 5–312 of this subtitle.~~

~~5–312.~~

~~(a)    (1)    A person who is denied a permit or renewal of a permit or whose permit is revoked or limited may request to appeal the decision of the Secretary to the Office of~~

WES MOORE, Governor                                         Ch. 680

~~Administrative Hearings by filing a written request with the Secretary and the Office of Administrative Hearings within 10 days after receipt of written notice of the Secretary's final action.~~

~~(2)    A person whose application for a permit or renewal of a permit is not acted on by the Secretary within 90 days after submitting the application to the Secretary may request a hearing before the Office of Administrative Hearings by filing a written request with the Secretary and the Office of Administrative Hearings.~~

~~(b)    (1)    Within 60 days after the receipt of a request under subsection (a) of this section from the applicant or the holder of the permit, the Office of Administrative Hearings shall schedule and conduct a de novo hearing on the matter, at which witness testimony and other evidence may be provided.~~

~~(2)    Within 90 days after the conclusion of the last hearing on the matter, the Office of Administrative Hearings shall issue a **WRITTEN** finding of facts and a decision.~~

~~(3)    A party that is aggrieved by the decision of the Office of Administrative Hearings may appeal the decision to the circuit court.~~

~~(c)    (1)    Subject to subsection (b) of this section, any hearing and any subsequent proceedings of judicial review shall be conducted in accordance with Title 10, Subtitle 2 of the State Government Article.~~

~~(2)    Notwithstanding paragraph (1) of this subsection, a court may not order the issuance or renewal of a permit or alter a limitation on a permit pending a final determination of the proceeding.~~

~~(d)    **(1)**    On or before **[**January 1, 2019, 2020, 2021, and 2022,**] JANUARY 1 EACH YEAR,** the **SECRETARY SHALL REPORT TO THE GOVERNOR AND, IN ACCORDANCE WITH § 2–1257 OF THE STATE GOVERNMENT ARTICLE, THE GENERAL ASSEMBLY THE FOLLOWING INFORMATION DISAGGREGATED BY AN APPLICANT'S COUNTY OF RESIDENCE, RACE, ETHNICITY, AGE, AND GENDER:**~~

~~**(I)    THE TOTAL NUMBER OF PERMIT APPLICATIONS MADE UNDER § 5–304 OF THIS SUBTITLE WITHIN THE PREVIOUS YEAR;**~~

~~**(II)    THE TOTAL NUMBER OF PERMIT APPLICATIONS THAT THE SECRETARY GRANTED IN THE PREVIOUS YEAR;**~~

~~**(III)    THE TOTAL NUMBER OF PERMIT APPLICATIONS THAT THE SECRETARY DENIED IN THE PREVIOUS YEAR;**~~

~~**(IV)    THE TOTAL NUMBER OF PERMITS THAT WERE REVOKED IN THE PREVIOUS YEAR; AND**~~

(V)    THE TOTAL NUMBER OF PERMITS THAT ARE PENDING BEFORE THE SECRETARY.

(2)    ON OR BEFORE JANUARY 1 EACH YEAR, THE Office of Administrative Hearings shall report to the Governor and, in accordance with § 2–1257 of the State Government Article, the General Assembly THE FOLLOWING INFORMATION DISAGGREGATED BY AN APPLICANT'S COUNTY OF RESIDENCE, RACE, ETHNICITY, AGE, AND GENDER:

[(1)]    (I)    the number of appeals of decisions by the Secretary that have been filed with the Office of Administrative Hearings within the previous year;

[(2)]    (II)    the number of decisions by the Secretary that have been sustained, modified, or reversed by the Office of Administrative Hearings within the previous year;

[(3)]    (III)    the number of appeals that are pending; and

[(4)]    (IV)    the number of appeals that have been withdrawn within the previous year.

SECTION 2. AND BE IT FURTHER ENACTED, That the Laws of Maryland read as follows:

**Article – Public Safety**

5–306.

(a)    Subject to [subsection] SUBSECTIONS (c) AND (D) of this section, the Secretary shall issue a permit within a reasonable time to a person who the Secretary finds:

(1)    (I)    is [an adult] AT LEAST 21 YEARS OLD; OR

(II)    IS AN ADULT WHO:

1.    IS A MEMBER OF THE ARMED FORCES OF THE UNITED STATES OR THE NATIONAL GUARD; OR

2.    IS REQUIRED TO WEAR, CARRY, OR TRANSPORT A HANDGUN IN THE REGULAR COURSE OF THE PERSON'S EMPLOYMENT;

(2)    (i)    has not been convicted of a felony or of a misdemeanor for which a sentence of imprisonment for more than 1 year has been imposed; or

(ii) if convicted of a crime described in item (i) of this item, has been pardoned or has been granted relief under 18 U.S.C. § 925(c);

(3) has not been convicted of a crime involving the possession, use, or distribution of a controlled dangerous substance;

(4) is not presently an alcoholic, addict, or habitual user of a controlled dangerous substance unless the habitual use of the controlled dangerous substance is under legitimate medical direction;

**(5) DOES NOT SUFFER FROM A MENTAL DISORDER AS DEFINED IN § 10–101(I)(2) OF THE HEALTH – GENERAL ARTICLE AND HAVE A HISTORY OF VIOLENT BEHAVIOR AGAINST THE PERSON OR ANOTHER;**

**(6) IS NOT A RESPONDENT AGAINST WHOM:**

**(I) A CURRENT NON EX PARTE CIVIL PROTECTIVE ORDER HAS BEEN ENTERED UNDER § 4–506 OF THE FAMILY LAW ARTICLE;**

**(II) A CURRENT EXTREME RISK PROTECTIVE ORDER HAS BEEN ENTERED UNDER § 5–601 OF THIS TITLE; OR**

**(III) ANY OTHER TYPE OF CURRENT COURT ORDER HAS BEEN ENTERED PROHIBITING THE PERSON FROM PURCHASING OR POSSESSING FIREARMS;**

**[(5)] (7)** except as provided in subsection (b) of this section, has successfully completed prior to application and each renewal, a firearms training course approved by the Secretary that [includes:

(i) 1. for an initial application, a minimum of 16 hours of instruction by a qualified handgun instructor; or

2. for a renewal application, 8 hours of instruction by a qualified handgun instructor;

(ii) classroom instruction on:

1. State firearm law;

2. home firearm safety; and

3. handgun mechanisms and operation; and

~~(iii)    a firearms qualification component that demonstrates the applicant's proficiency and use of the firearm;~~] **MEETS THE MINIMUM CRITERIA SPECIFIED IN SUBSECTION (A–1) OF THIS SECTION;** ~~and~~

**[(6)] (8)**    ~~based on an investigation:~~

~~(i)    has not exhibited a propensity for violence or instability that may reasonably render the person's possession of a handgun a danger to the person or to another; and~~

~~(ii)    [has good and substantial reason to wear, carry, or transport a handgun, such as a finding that the permit is necessary as a reasonable precaution against apprehended danger]~~ **IS NOT PROHIBITED BY STATE OR FEDERAL LAW FROM PURCHASING OR POSSESSING A HANDGUN.**

**(A–1) THE FIREARMS TRAINING COURSE REQUIRED UNDER SUBSECTION (A) OF THIS SECTION SHALL INCLUDE:**

**(1)    (I)    FOR AN INITIAL APPLICATION, A MINIMUM OF 16 HOURS OF INSTRUCTION BY A QUALIFIED HANDGUN INSTRUCTOR; OR**

**(II)    FOR A RENEWAL APPLICATION, 8 HOURS OF INSTRUCTION BY A QUALIFIED HANDGUN INSTRUCTOR;**

**(2)    CLASSROOM INSTRUCTION ON:**

**(I)    STATE AND FEDERAL FIREARM LAWS, INCLUDING LAWS RELATING TO:**

**1.    SELF–DEFENSE;**

**2.    DEFENSE OF OTHERS;**

**3.    DEFENSE OF PROPERTY;**

**4.    THE SAFE STORAGE OF FIREARMS;**

**5.    THE CIRCUMSTANCES UNDER WHICH AN INDIVIDUAL BECOMES PROHIBITED FROM POSSESSING A FIREARM UNDER STATE AND FEDERAL LAW, INCLUDING BECOMING A RESPONDENT AGAINST WHOM:**

**A.    A CURRENT NON EX PARTE CIVIL PROTECTIVE ORDER HAS BEEN ENTERED UNDER § 4–506 OF THE FAMILY LAW ARTICLE;**

WES MOORE, Governor                    Ch. 680

~~B.     AN ORDER FOR PROTECTION, AS DEFINED IN § 4–508.1 OF THE FAMILY LAW ARTICLE, HAS BEEN ISSUED BY A COURT OF ANOTHER STATE OR A NATIVE AMERICAN TRIBE AND IS IN EFFECT; OR~~

~~C.     A CURRENT EXTREME RISK PROTECTIVE ORDER HAS BEEN ENTERED UNDER SUBTITLE 6 OF THIS TITLE;~~

~~6.     THE REQUIREMENTS AND OPTIONS FOR SURRENDERING, TRANSFERRING, OR OTHERWISE DISPOSING OF A FIREARM AFTER BECOMING PROHIBITED FROM POSSESSING A FIREARM UNDER STATE OR FEDERAL LAW;~~

~~7.     THE REQUIREMENTS FOR REPORTING A LOSS OR THEFT OF A FIREARM TO A LAW ENFORCEMENT AGENCY AS REQUIRED BY § 5–146 OF THIS TITLE;~~

~~8.     THE FIREARMS AND FIREARM ACCESSORIES WHICH ARE BANNED UNDER STATE AND FEDERAL LAW;~~

~~9.     THE TYPES OF FIREARMS THAT REQUIRE A SPECIAL PERMIT OR REGISTRATION TO ACQUIRE OR POSSESS UNDER STATE OR FEDERAL LAW;~~

~~10.     THE LAW PROHIBITING STRAW PURCHASES;~~

~~11.     THE LAW CONCERNING ARMED TRESPASS UNDER § 6–411 OF THE CRIMINAL LAW ARTICLE; AND~~

~~12.     THE LOCATIONS WHERE A PERSON IS PROHIBITED FROM POSSESSING A FIREARM REGARDLESS OF WHETHER THE PERSON POSSESSES A PERMIT ISSUED UNDER THIS SUBTITLE;~~

~~(II)     HOME FIREARM SAFETY;~~

~~(III)     HANDGUN MECHANISMS AND OPERATION;~~

~~(IV)     CONFLICT DE–ESCALATION AND RESOLUTION;~~

~~(V)     ANGER MANAGEMENT; AND~~

~~(VI)     SUICIDE PREVENTION; AND~~

– 23 –

(3)  A FIREARMS QUALIFICATION COMPONENT THAT INCLUDES LIVE–FIRE SHOOTING EXERCISES ON A FIRING RANGE AND REQUIRES THE APPLICANT TO DEMONSTRATE:

(I)  SAFE HANDLING OF A HANDGUN; AND

(II)  SHOOTING PROFICIENCY WITH A HANDGUN.

(b)  An applicant for a permit is not required to complete a certified firearms training course under subsection (a) of this section if the applicant:

(1)  is a law enforcement officer or a person who is retired in good standing from service with a law enforcement agency of the United States, the State, or any local law enforcement agency in the State;

(2)  is a member, retired member, or honorably discharged member of the armed forces of the United States or the National Guard;

(3)  is a qualified handgun instructor; or

(4)  has completed a firearms training course approved by the Secretary.

(c)  An applicant under the age of 30 years is qualified only if the Secretary finds that the applicant has not been:

(1)  committed to a detention, training, or correctional institution for juveniles for longer than 1 year after an adjudication of delinquency by a juvenile court; or

(2)  adjudicated delinquent by a juvenile court for:

(i)  an act that would be a crime of violence if committed by an adult;

(ii)  an act that would be a felony in this State if committed by an adult; or

(iii)  an act that would be a misdemeanor in this State that carries a statutory penalty of more than 2 years if committed by an adult.

(D)  (1)  THE SECRETARY MAY NOT ISSUE A PERMIT TO A PERSON IF THE PERSON:

(I)  HAS BEEN CONVICTED OF A SECOND OR SUBSEQUENT VIOLATION OF § 4–104 OF THE CRIMINAL LAW ARTICLE; OR

WES MOORE, Governor　　　　　　　　　　　　Ch. 680

~~(II) HAS BEEN CONVICTED OF A VIOLATION OF § 4–104 OF THE CRIMINAL LAW ARTICLE IF THE VIOLATION RESULTED IN THE USE OF A LOADED FIREARM BY A CHILD CAUSING DEATH OR SERIOUS BODILY INJURY TO THE CHILD OR ANOTHER PERSON.~~

~~(2) SUBJECT TO PARAGRAPH (1) OF THIS SUBSECTION, THE SECRETARY MAY NOT ISSUE A PERMIT TO A PERSON WHO HAS BEEN CONVICTED OF A VIOLATION OF § 4–104 OF THE CRIMINAL LAW ARTICLE FOR 5 YEARS FOLLOWING THE DATE OF THE CONVICTION.~~

~~[(d)]~~ **(E)** ~~The Secretary may issue a handgun qualification license, without an additional application or fee, to a person who:~~

~~(1) meets the requirements for issuance of a permit under this section; and~~

~~(2) does not have a handgun qualification license issued under § 5–117.1 of this title.~~

~~SECTION 3. AND BE IT FURTHER ENACTED, That Section 2 of this Act shall be construed to apply only to an initial application or renewal application for a permit to wear, carry, or transport a handgun that is submitted to the Secretary of State Police on or after the effective date of this Act. Section 2 may not be construed to affect the requirements to maintain a permit to wear, carry, or transport a handgun that was issued by the Secretary of State Police before the effective date of this Act until the permit is subject to renewal.~~

SECTION ~~4.~~ _2._ AND BE IT FURTHER ENACTED, That if any provision of this Act or the application thereof to any person or circumstance is held invalid for any reason in a court of competent jurisdiction, the invalidity does not affect other provisions or any other application of this Act that can be given effect without the invalid provision or application, and for this purpose the provisions of this Act are declared severable.

SECTION ~~2. 5.~~ _3._ AND BE IT FURTHER ENACTED, That this Act shall take effect October 1, 2023.

**Approved by the Governor, May 16, 2023.**