IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

| | |
|---|---|
| MARYLAND SHALL ISSUE, INC., *et al.*, | * |
| | * |
| Plaintiffs | * |
| | *  No. 23-1719 |
| v. | * |
| | * |
| MONTGOMERY COUNTY, MARYLAND | * |
| | * |
| Defendant | * |

**DEFENDANT'S REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO STRIKE PLAINTIFFS' SUPPLEMENTAL FACTUAL ALLEGATIONS AND EXHIBITS CONTAINED IN PLAINTIFFS' EMERGENCY MOTION FOR A RULE 8 INJUNCTION PENDING APPEAL**

Defendant Montgomery County, Maryland, ("the County") by and through its undersigned counsel, files its Reply to Plaintiffs' Opposition (the "Opposition") to the County's Motion to Strike the supplemental and improper factual allegations and exhibits contained in Plaintiff's Emergency Motion for a Rule 8 Injunction Pending Appeal (the "Emergency Motion").

The Opposition reinforces why the Motion to Strike should be granted. Contrary to Plaintiffs' assertion, Rule 8 is not a magic wand which allows them to wish away the District Court factual record or permit the unrestrained insertion of new facts and evidence before this Court. Rule 8 is not a "do-over" on the preliminary injunction facts deemed insufficient by the District Court to support the

injunctive relief Plaintiffs seek.[1]

Plaintiffs' primary argument as to why they should be permitted to include significant new factual allegations and evidence in their request for a preliminary injunction pending appeal is based upon a novel and unsupported interpretation of Rule 8. Plaintiffs are of the mistaken belief that Rule 8's reference to "copies of … sworn statements supporting facts subject to dispute" somehow permits the unrestricted introduction of new evidence to this court because Rule 8 also separately references "relevant parts of records." (Doc. 17 at 2).[2] Plaintiffs do not offer any legal citation or legislative history to support their strained interpretation of Rule 8.

The lone case cited by Plaintiffs to advance their interpretation of Rule 8 is the currently pending *Mock v. Garland*, No. 23-10319, Dkt # 25-1 (5th Cir. May 23, 2023). However, the Opposition does not explain why Plaintiffs believe *Mock v. Garland* supports their position or offer any facts to establish why it is analogous with the present case other than both cases involved Rule 8 motions. Confusingly, Plaintiffs argue that the Rule 8 motion in *Mock v. Garland* purportedly "relied on specific facts that were ""subject to dispute" within the meaning of Rule 8." (Doc 17 at 5). Again, the Opposition does not elaborate on exactly which facts were

---

[1] The Opposition primarily focuses on the 32-page Carlin-Weber Declaration and the County will do the same in this Reply.

[2] The County will refer to docket entries in the U.S. District Court (Case No. 8:21-CV-01736-TDC) as "ECF," and will use "Doc." to reference docket entries in the instant interlocutory appeal before this Court, No. 23-1719.

2

allegedly "at dispute" and whether the Rule 8 moving party in *Mock v. Garland* sought to introduce any new or supplementary evidence, let alone a 32-page expert report, and whether the Fifth Circuit even considered any such new evidence. It is an uncompelling and rudderless argument that Rule 8's general reference to "facts subject to dispute" somehow creates an open invitation for the submission of yet more "facts subject to dispute" that were not before the District Court. Naturally, any motion seeking an injunction pending appeal is going to involve "facts subject to dispute." Such is the case here, even without considering Plaintiff's strike-worthy new evidence.

Plaintiff further argues that the County's reliance upon See *Dmarcian, Inc. v. Dmarcian Eur. BV*, 2021 U.S. Dist. LEXIS 150517 (W.D.N.C. 2021) to dispute Plaintiffs attempt to "back-fill" the record with new facts, is misplaced, but again cites no case that actually supports this position. (Doc 17. at 11) (referring to the *Dmarcian, Inc.* decision as "erroneous"). The "fundamentally different roles of appellate and trial courts" dictate that "[t]he district court is the proper forum for presentation, testing and confrontation of the new evidence," and that "[o]nly upon completion of the district court's factfinding role, should this court consider any relief pending appeal." See *In re Montes,* 677 F.2d 415, 416 (5th Cir. 1982). Here, Plaintiffs' new evidence, including the 32-page expert report of Carlin-Weber, is new evidence that was not submitted to the District Court. In *Ruiz v. Estelle* 650 F.2d

3

555, 566 (5th Cir. 1981), the state sought to stay an injunction ordered by the district court pending appeal and introduced new and supplemental evidence as part of its Rule 8 motion. The plaintiffs in *Ruiz* objected and argued that "permitting this tactic would undermine the very purpose of Rule 8(a)." *Ruiz*, at 650 F.2d at 566.  The Fifth Circuit agreed with the plaintiffs and found that the state's attempt to include new and supplemental evidence violated Rule 8 as they "**were not presented to the district judge** and should be so considered by him prior to any action by this court." *Id*. at 657 (emphasis added).

As to the substance of Plaintiffs' newly submitted evidence, the Opposition contradictorily vacillates between highlighting the difficulty ("it was hard to do") and time demands (couldn't "marshal necessary resources") of producing the Carlin-Weber Report but also downplaying the report as nothing more than a series of internet searches capable of being performed by any member of the public ("*any reasonable capable person* with a modicum of computer experience could duplicate those steps and come to the same result…") (Doc 17. at 4, 6)(emphasis in original). Of course, the County disagrees with Plaintiffs' conclusions about the simplicity of the Carlin-Weber Report, because, among other things, Carlin-Weber required a research team under Carlin-Weber's supervision to complete it. (Doc 10-7 at 2) ("preparation of this declaration was assisted by persons under my immediate control and review…").

4

The irony should not escape this court that if the results of the Carlin-Weber Report could actually be replicated by any John Doe of average intelligence with a laptop (even without a team of supporting researchers) that there is no reasonable explanation as to why Plaintiffs were unwilling or unable to timely submit the Carlin-Weber report to the district court at any time during the seven (7) months from when the Denied Motion (ECF 52) was filed on December 6, 2022 and when the Court issued its order on July 6, 2023. (ECF 83).[3]

The length and complexity of the Carlin-Weber report is self-evident and this court should also not lose sense of the irony in Plaintiff demanding that the County provide a substantive response to the Carlin-Weber Report within the five business days allowed to respond when it took Plaintiffs seven months to produce it.

The dangers and undue prejudice of allowing a party to submit new evidence of this nature for the first time in this court is obvious. Plaintiffs argue that the

---

[3] MSI argues that it should be permitted to file new and late evidence with its Rule 8 motion because it is an ""all-volunteer," non-profit organization…" (Doc. 17 at 4). However, MSI's non-profit status is not a magic wand that can be used to waive the Federal Civil and Appellate Rules of Procedure. The Response offers no support for Plaintiffs' argument that a non-profit organization is somehow subject to lesser standards as they attempt to void a democratically enacted law (Section 57-11(a) of Chapter 57 of the Montgomery County Code). Although MSI may be a non-profit organization, it is a frequent and active litigant in the Maryland state and federal courts, knows the Rules, and should not be permitted to purposefully ignore them to the prejudice to the County. It should also be noted that Plaintiffs did not offer any explanation as to this late, new evidence or seek leave from any court to file it, until after it was challenged by the County in its Motion to Strike.

5

Carlin-Weber expert report "reflects the undisputable reality that Bill 21-22E…effectively prevent a permit holder from carrying in and through the County." First, the County obviously disagrees this "undisputable" legal conclusion, as it has throughout this case. Second, Plaintiff would have this Court accept this new expert opinion without being subject to any meaningful vetting or cross examination of its experts.

Plaintiffs do not even attempt to hide their ambush tactics as they argue that the County has somehow waived its right to object to Plaintiffs new evidence because it did not provide counterargument to each and every substantive aspect of the new evidence submitted. (Doc. 17 at 8). Again, Plaintiffs do not offer any support for this argument, but even if they had, it is difficult to think of more thorough objection to new evidence than asking a court for it to be struck in its entirety.[4]

The Opposition goes to great lengths to explain Carlin-Weber's methodology and the sources where it obtained its underlying data. (Doc. 16 at 6). However, the more time and energy Plaintiffs use to justify their late designation of Carlin-Weber as an expert and inclusion of his report, the more they demonstrate precisely why his unvetted opinions should have been timely submitted to the District Court and not

---

[4] Putting aside the fact that it would be impossible to provide a meaningful substantive rebuttal to Plaintiff's new evidence within the **five business days** provided by this Court for response, the Motion to Strike clearly sets forth the County's global objection, both substantively and procedurally, to the entirety of the new evidence set forth by Plaintiffs.

to this Court for initial consideration. *Ruiz* at 567. The majority of the Opposition is spent justifying the inclusion of the new report, including the five-page section entitled "The Carline-Weber Declaration" (Doc 17 at 5 - 10). Thus, Plaintiffs felt that it was necessary to spend more than half of the Opposition providing additional and clarifying information to explain and justify the late disclosure of the Carlin-Weber's report (beyond what is already included in the 32-page report). This pointedly establishes why such lengthy unvetted expert opinions and new evidence should have been submitted to the District Court for proper evaluation and consideration, instead of seeking to rush the process in this Court.

Lastly, Plaintiffs' ambush tactics violate Rule 8(a)(2)(C)'s requirement of "reasonable notice" of the motion to all parties. Prior to filing its Emergency Motion, Plaintiffs never informed the District Court or the County of the full scope of its Rule 8 motion, including their intent to introduce the new evidence such as the 32-page expert report.

Wherefore, for the reasons set forth herein, Plaintiffs' improper attempts to include new and supplemental factual allegations and exhibits in the Emergency Motion should be struck.

Respectfully submitted,

JOHN P. MARKOVS
COUNTY ATTORNEY

/s/*Edward B. Lattner*
Edward B. Lattner
Deputy County Attorney
edward.lattner@montgomerycountymd.gov
Bar No. 03871

/s/*Erin J. Ashbarry*
Erin J. Ashbarry
Associate County Attorney
erin.ashbarry@montgomerycountymd.gov
Bar No. 26298

/s/*Matthew H. Johnson*
Matthew H. Johnson
Associate County Attorney
matthew.johnson3@montgomerycountymd.gov
Bar No. 17678

Attorneys for Appellee Montgomery County, Maryland
101 Monroe Street, Third Floor
Rockville, Maryland 20850-2540
(240) 777-6700
(240) 777-6705 Fax

## CERTIFICATE OF COMPLIANCE WITH RULE 32(g)
Certificate of Compliance with Length Limitation,
Typeface Requirements, and Type Style Requirements

1. This Response complies with the length limitation of Fed. R. App. P. 27(d)(2)(A) because this brief contains 1,705 words, excluding the parts exempted by Fed. R. App. P. 32(f).

2. This Response complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word in Times New Roman 14-point font.

s/ *Matthew Johnson*
Attorney for Appellee

Dated: August 1, 2023

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 1, 2023, a copy of the foregoing was filed to be transmitted via this Court's CM/ECF Electronic Document Filing System to:

Mark W. Pennak
Law Offices of Mark Pennak
7416 Ridgewood Avenue
Chevy Chase, MD 20815
m.pennak@me.com

/s/*Matthew H. Johnson*
Matthew H. Johnson
Associate County Attorney