IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

| | | |
|---|---|---|
| **MARYLAND SHALL ISSUE, INC.,** *et al.*, | ) ) ) | |
| *Plaintiffs*, | ) ) ) | No. 23-1719 |
| v. | ) ) | |
| **MONTGOMERY COUNTY, MD,** | ) ) ) | |
| *Defendant*. | | |

**PLAINTIFFS-APPELLANTS' MOTION FOR CLARIFICATION AND ALTERNATIVE MOTION RENEWING PLAINTIFFS' MOTION FOR AN INJUNCTION PENDING APPEAL**

Pursuant to Rule 27, FRAP, plaintiffs-appellants in the above captioned matter respectfully move this Court for an order that clarifies the Court's August 3, 2023, order in which the Court denied plaintiffs' Rule 8 Emergency Motion for an Injunction Pending Appeal, filed July 17, 2023, Dkt. #10. Specifically, the Court stated: "Upon consideration of submissions relative to appellants' emergency motion for injunctive relief pending appeal, the court denies the motion *without prejudice to consideration of a future, timely motion*." Dkt. #21 (emphasis added). Alternatively, as detailed below, this Court may view this motion as a renewed motion for an injunction pending appeal.

1

This Court's order does not state the basis or give any reason for the denial of plaintiffs' motion for an injunction pending appeal. We understand from this order that the denial of the motion was "without prejudice" to the renewal of the motion, but plaintiffs are frankly at sea concerning the circumstances in which such a renewed motion would be considered. It appears that the Court may believe that a Rule 8 motion should have been first filed in district court so that the Court would have the benefit of the district court's ruling on such motion. However, as detailed below, such an order is not possible for the simple reason that the district court has not given plaintiffs leave to file such a motion in district court, as expressly required by the case management order applicable to this case. District Court Dkt. #11.

As explained in the motion, under the district court's case management order "[n]o motions may be filed without first seeking a Pre-Motion Conference with the Court." The case management order further provides that "[i]f a party intends to file a motion, it must first file a Notice of Intent to File a Motion ('Notice'), which shall take the form of a letter to the Court, not to exceed three single-spaced pages, containing a brief description of the motion sought to be filed and a brief summary of the particularized factual and legal support for the motion."

In accordance with that order, plaintiffs filed, on July 8, 2023, precisely such a Notice of Intent to File with the district court requesting leave to file a Rule 8 motion for an injunction pending appeal. District Court Dkt. #87. To this day, the

district court has not acted on that Notice. We note as well that the district court has not acted on a similar Notice of Intent to File submitted by the defendant, Montgomery County, MD, seeking leave to file a motion for summary judgment. That letter was filed on July 3, 2023, District Court Dkt. #81, just prior to the July 6, 2023, order denying plaintiffs' motion for a preliminary injunction.

Indeed, it appears from the stamp on the upper right of the district court docket sheet stating APPEAL, LEAD, STAYED, that the case has been stayed at the district court, even though no actual order to that effect has been entered. A copy of that docket sheet was provided with the original motion. We surmise from the forgoing that the district court considers the case to be stayed and will not be considering any Rule 8 motion (or any other type of motion) and thus will not conduct a "Pre-Motion Conference" as contemplated by the case management order. That means no Rule 8 motion for relief can be filed in district court.

This Catch 22 conundrum brings us full circle to the original question concerning the circumstances in which the Court will consider a renewed motion for an injunction pending appeal. If the Court was waiting for the district court to opine on a Rule 8 motion first filed in district court, then that wait will likely be interminable, as the district court has not granted and apparently will not grant leave for plaintiffs to file such a Rule 8 motion in that court. And plaintiffs, understandably, are not willing to disobey the plain terms of that order and file without leave. Other

3

than after a district court ruling on a Rule 8 Motion, plaintiffs are aware of no circumstance in which plaintiffs could in good faith renew the motion for an injunction pending appeal. Yet, the Court's order plainly contemplates such a "future, timely motion." Accordingly, plaintiffs seek guidance and clarification from this Court concerning such circumstances.

      Alternatively, to the extent that the Court did not fully appreciate the forgoing circumstances and was, in fact, waiting for the district court to act, then this Court should then address the merits of plaintiffs' Rule 8 motion. Rule 8 allows this Court to reach the merits of any such motion if "moving first in the district court would be impracticable" or where the district court has "failed to afford the relief requested." Rule 8(a)(2)(A)(i),(ii). Either or both of those reasons apply here. Accordingly, this motion may be alternatively construed as a renewal of plaintiffs' motion for an injunction pending appeal. That approach would be in the interests of justice and would accord fair treatment to the parties pursuant to the Court's general "duty to decide" questions that are otherwise properly before this Court. See, e.g., *Clinton v. City of New York*, 524 U.S. 417, 436 (1998); *Pierson v. Ray*, 386 U.S. 547, 554 (1967); *United States v. Hamidullin*, 888 F.3d 62, 73 (4th Cir. 2018).

## CONCLUSION

The motion for clarification should be granted or, alternatively, the Court should consider this motion as a renewed motion for an injunction pending appeal and grant such relief for the reasons set forth in the original motion and reply.

/s/ *Mark W. Pennak*

_____
MARK W. PENNAK
Maryland Shall Issue, Inc.
9613 Harford Rd, Ste, C #1015
Baltimore, MD 21234-21502
mpennak@marylandshallissue.org
Phone: (301) 873-3671
Bar No. 21033
*Counsel for Plaintiffs*

Dated: August 4, 2023

## CERTIFICATE OF COMPLIANCE

Pursuant to Rule 27(d) and Rule 32(g)(1) of the Federal Rules of Appellate Procedure, the undersigned counsel here certifies that the forgoing PLAINTIFFS-APPELLANTS' MOTION FOR CLARIFICATION AND ALTERNATIVE MOTION RENEWING PLAINTIFFS' MOTION FOR AN INJUNCTION PENDING APPEAL contains 952 words, not counting those items which may be excluded under Rule 32(f), and uses a 14 point, Times New Roman proportional font.

*/s/ Mark W. Pennak*

Mark W. Pennak,
*Counsel for Plaintiffs-Appellants*

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that on August 4, 2023, the forgoing "PLAINTIFFS-APPELLANTS' MOTION FOR CLARIFICATION AND ALTERNATIVE MOTION RENEWING PLAINTIFFS' MOTION FOR AN INJUNCTION PENDING APPEAL were served on all counsel via ECF service:

*s/ Mark W. Pennak*

_____

MARK W. PENNAK

*Counsel for Plaintiffs-Appellants*

Dated: August 4, 2023