IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

| | | |
|---|---|---|
| **MARYLAND SHALL ISSUE, INC.**, *et al.*, | ) ) ) | |
| *Plaintiffs-Appellants*, | ) ) ) | No. 23-1719 |
| v. | ) ) | |
| **MONTGOMERY COUNTY, MD,** | ) ) ) | |
| *Defendant-Appellee.* | | |

**REPLY OF IN SUPPORT OF PLAINTIFFS-APPELLANTS'
MOTION FOR CLARIFICATION
AND ALTERNATIVE MOTION RENEWING PLAINTIFFS'
MOTION FOR AN INJUNCTION PENDING APPEAL**

Pursuant to Rule 27, FRAP, plaintiffs-appellants in the above captioned matter respectfully submit this reply in support of their motion for clarification and alternative motion for an injunction pending appeal and in response to the Opposition filed by defendant-appellee, Montgomery County, MD ("the County"). The County has not disputed any point made in plaintiffs' motion. It merely reiterates the arguments it advanced in its original opposition. For the reasons set forth in the motion and in this reply, plaintiffs' motion for clarification or alternative motion for an injunction pending appeal should be granted.

On the merits of the request for an injunction pending appeal, we wish to bring to the Court's attention several decisions that have been rendered since the original

1

motion for an injunction pending was submitted. In particular, the District Court for the District of Hawaii expressly "respectfully disagrees with" the district court's decision and analysis in this case. *Wolford v. Lopez*, --- F. Supp. 3d ----, 2023 WL 5043805 at *22-24 (D. Haw. Aug. 8, 2023). The court thus issued a TRO enjoining Hawaii from enforcing its "sensitive places" legislation that, *inter alia,* imposed a presumptive ban on carry on private property open to the public, and a total ban on carry in banks, parks, beaches and recreation areas and facilities and adjacent parking areas. See, e.g., *id*. at *24 ("This Court is not convinced that evidence of one local ordinance and one state law is sufficient to find that there was a national historical tradition of prohibiting the carrying of firearms in parks at the time of the Fourteenth Amendment's ratification.").

The Fifth Circuit, in an "as applied" challenge, held that the firearms disqualification imposed on a marijuana user by 18 U.S.C. § 922(g)(3), was unconstitutional and set aside a conviction under that provision. *United States v. Daniels,* --- F.4th ----, 2023 WL 5091317 (5th Cir. Aug. 9, 2023). In so holding, the court unanimously rejected exclusive or heavy reliance, such as employed by the district court in this case, on late 19th century and early 20th century sources in conducting the historical inquiry required by *NYSRPA v. Bruen*, 142 S.Ct. 2111 (2022). Id., at *8 ("Even if the public understanding of the right to bear arms did

2

evolve, it could not change the meaning of the Second Amendment, which was fixed when it first applied to the federal government in 1791.").

The Ninth Circuit, in *Teter v. Lopez*, --- F.4th ----,  2023 WL 5008203 (9th Cir. Aug. 7, 2023), unanimously held that butterfly knives were protected arms and that the State had failed to show that its ban on such knives was justified by a comparable historical analogue from the Founding or the Reconstruction Era. In *Rocky Mountain Gun Owners v. Polis,* 2023 WL 5017253 (D. Colo. Aug. 7, 2023), the district court enjoined a State ban on purchases of firearms by persons under 21. The court stated that "[w]hile it remains an open question as to how a court should weigh historical understandings of the Second Amendment at the time that the Fourteenth Amendment was adopted, because the Governor fails to point to any evidence during the founding era that a total prohibition on the sale of firearms to minors was consistent with the right to bear arms, the Court gives little weight to evidence from the time of the Fourteenth Amendment's ratification to limit the scope of the right to keep and bear arms." Id. at *18, citing *Bruen*, 142 S.Ct. at 2138.

## CONCLUSION

The motion for clarification should be granted or, alternatively, the Court should grant the renewed motion for an injunction pending appeal for the reasons set forth in the original motion and in this reply.

*/s/ Mark W. Pennak*

3

                                                           _____  
MARK W. PENNAK  
Maryland Shall Issue, Inc.  
9613 Harford Rd, Ste, C #1015  
Baltimore, MD 21234-21502  
mpennak@marylandshallissue.org  
Phone: (301) 873-3671  
Bar No. 21033  
*Counsel for Plaintiffs*

Dated: August 11, 2023

4

## CERTIFICATE OF COMPLIANCE

Pursuant to Rule 27(d) and Rule 32(g)(1) of the Federal Rules of Appellate Procedure, the undersigned counsel here certifies that the forgoing REPLY contains 616 words, not counting those items which may be excluded under Rule 32(f), and uses a 14 point, Times New Roman proportional font.

*/s/ Mark W. Pennak*

Mark W. Pennak,
*Counsel for Plaintiffs-Appellants*

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that on August 11, 2023, the forgoing REPLY were served on all counsel via ECF service:

*s/ Mark W. Pennak*

_____

MARK W. PENNAK

*Counsel for Plaintiffs-Appellants*

Dated: August 11, 2023