IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

| | | |
|---|---|---|
| **MARYLAND SHALL ISSUE, INC.,** *et al.*, | ) ) ) | |
| *Plaintiffs-Appellants*, | ) ) ) | No. 23-1719 |
| v. | ) ) | |
| **MONTGOMERY COUNTY, MD,** | ) ) | |
| *Defendant-Appellee.* | | |

**PLAINTIFFS-APPELLANTS' RENEWAL OF PLAINTIFFS' MOTION FOR AN INJUNCTION PENDING APPEAL**

Pursuant to Rule 27, FRAP and Rule 8, FRAP, plaintiffs-appellants in the above captioned matter respectfully renew their prior, and still pending motion, filed on July 17, 2023, for an order granting an injunction pending appeal. By order dated August 25, 2023, this Court deferred consideration of plaintiffs' previously filed motion pending consideration of such motion by the district court under Rule 8. This motion incorporates by reference the prior filings on that motion. Pursuant to this Court's Order of July 11, 2023, plaintiffs filed their merits brief on August 21, 2023 (ECF # 29), and defendant's brief is due a week from now on September 19, 2023. The points made in this motion are further detailed in plaintiffs' merits brief. The need for Rule 8 relief also counsels expedited consideration of this appeal.

1

Upon receipt of this Court's August 25, 2023, Order, the district court promptly allowed plaintiffs to file a Rule 8 motion in that court under the case management order applicable to this case. See Order of August 29, 2023 (attached). The parties completed briefing on that motion on September 8, 2023, and, on September 12, 2023, the district court entered a three-page Order denying plaintiffs' motion. A copy of that order is attached herewith. Also attached is an updated district court docket sheet reflecting these district court proceedings.

Rule 8(a)(2)(A)(ii) requires that the movant state that "the district court denied the motion or failed to afford the relief requested and state any reasons given by the district court for its action." Here, the reasons for the court's denial of plaintiffs' motion are set forth in court's written order. Specifically, while the district court opined that a Rule 8 motion seeking an injunction pending appeal is subject to a higher standard than a Rule 8 motion seeking stay pending appeal, the court nonetheless stated that it "finds no basis to grant the Motion" "[e]ven under [the] lower standard" it found applicable to stay requests. Slip op. at 2. Instead, the district court incorporated its prior decision denying plaintiffs' motion for a TRO and a preliminary injunction, stating that "[u]pon review of the briefs on the present Motion, the Court finds no reason to depart from its prior conclusions by granting the extraordinary relief of an injunction pending appeal." Slip op. at 3.

2

Plaintiffs-appellants have fully satisfied *any* standard that may be applicable to consideration of this motion. Rule 8 expressly permits a court of appeals to grant injunctions pending appeal and his Court has done so recently, *Grimmett v. Freeman,* 2022 WL 3696689 (4th Cir. 2022) (per curiam), as has the Fifth Circuit. See *Mock v. Garland*, 75 F.4th 563, 576-77 (5th Cir. Aug. 1, 2023). Such an order would restore the parties to the *status quo ante* that existed prior to the enactment of Bill 21-22E by the defendant-appellee, Montgomery County. During that time, the Maryland State Police issued carry permits to members of congregations to allow these persons to protect their places of worship and permit holders were free to carry in the County as otherwise allowed by State law. More recently, the Maryland General Assembly has enacted State-wide legislation regulating carry by permit holders. See 2023 Maryland Session Laws Ch. 680. The Maryland Constitution, Article XI-A, § 3, commands that "in case of any conflict between said local law and any Public General Law now or hereafter enacted the Public General Law shall control." The Maryland General Assembly's assessment of the public interest trumps that of the County.

On the merits, the constitutional violation and the equities are clear. In enacting Bill 21-22E, the County has effectively abolished the Second Amendment general right for permit holders to be armed in public throughout the entirety of Montgomery County in direct contravention of the Second Amendment, as

3

construed by the Supreme Court in *NYSRPA v. Bruen*, 142 S.Ct. 2111 (2022). There is no Founding era analogue for such a ban and the only authority on which the district court relied as support for the court's exclusive reliance on a few 19th and 20th century statutes and ordinances has been withdrawn and vacated by the Eleventh Circuit acting *en banc*. *NRA v. Bondi*, 61 F.4th 1317, 1322 (11th Cir. 2023), *vacated, rehearing en banc granted*, 72 F.4th 1346 (11th Cir. July 14, 2023). See *Wolford v. Lopez*, 2023 WL 5043805 at *22-*24 (D. Hawaii Aug. 8, 2023) ("respectfully disagree[ing]" with the district court's reliance on late 19th and 20th century laws and ordinances, finding such reliance "unpersuasive").

In a decision ignored by the district court, this Court held in *Hirschfeld v. ATF*, 5 F.4th 407, 419 (4th Cir. 2021), *vacated as moot*, 14 F.4th 322 (4th Cir. 2021), that 1791 is the "critical year" for assessing the scope of the Second Amendment. Quoting *Moore v. Madigan*, 702 F.3d 933, 935 (7th Cir. 2012). In opinions that have come down since *Bruen*, the Fifth, Seventh and Ninth Circuits have likewise looked to 1791. See *United States v. Daniels*, 77 F.4th 337, 358 (5th Cir. Aug. 9, 2023) ("Even if the public understanding of the right to bear arms did evolve, it could not change the meaning of the Second Amendment, which was fixed when it first applied to the federal government in 1791."); *Atkinson v. Garland*, 70 F.4th 1018 (7th Cir. June 20, 2023) ("The pertinent question, the Court [in *Bruen*] explained, is what the Founders understood the Second Amendment to mean."); *Teter v. Lopez*,

4

76 F.4th 938 (9th Cir. Aug. 7, 2023) (holding that butterfly knives were protected arms and that the State had failed to show that a ban was justified by a historical analogue dating back to the Founding).

And the 19th and 20th century laws, cited by the district court, never created a bar on firearms remotely comparable to the County-wide ban on possession and transport imposed by Bill 21-22E. See *Bruen*, 142 S.Ct. at 2133 ("whether modern and historical regulations impose a comparable burden on the right of armed self-defense and whether that burden is comparably justified are '"*central*"' considerations when engaging in an analogical inquiry." (Citations omitted). There is zero support for the result reached in this case. See also *Baird v. Bonta*, --- F.4th ---, 2023 WL 5763345 at *4 (9th Cir. Sept. 7, 2023) ("The right to carry a handgun for defense outside the home can be regulated only in ways *closely analogous* to regulations *widely in effect* in 1791 or 1868."). (Emphasis added).

Finally, an ongoing violation of a constitutional right inflicts irreparable injury as a matter of law. The County has no cognizable equitable interest in maintaining an unconstitutional ordinance, even for "minimal periods of time." *Leaders of a Beautiful Struggle v. Baltimore Police Department*, 12 F.4th 330, 346 (4th Cir. 2021) (*en banc*), citing *Mills v. District of Columbia*, 571 F.3d 1304, 1312 (D.C. Cir. 2009). If there was ever a case in which an injunction pending appeal was warranted, this case is it.

## CONCLUSION

For the foregoing reasons, and for the reasons previously set forth in plaintiffs July 17, 2023, motion for an injunction pending appeal, as incorporated herein, this Court should grant plaintiffs' motion and expedite this appeal.

/s/ Mark W. Pennak

_____

MARK W. PENNAK
Maryland Shall Issue, Inc.
9613 Harford Rd, Ste, C #1015
Baltimore, MD 21234-21502
mpennak@marylandshallissue.org
Phone: (301) 873-3671

Bar No. 21033

*Counsel for Plaintiffs*

Dated: September 12, 2023

## CERTIFICATE OF COMPLIANCE

Pursuant to Rule 27(d) and Rule 32(g)(1) of the Federal Rules of Appellate Procedure, the undersigned counsel here certifies that the forgoing PLAINTIFFS-APPELLANTS' RENEWAL OF PLAINTIFFS' MOTION FOR AN INJUNCTION PENDING APPEAL contains 1,199 words, not counting those items which may be excluded under Rule 32(f), and uses a 14 point, Times New Roman proportional font.

/s/ Mark W. Pennak

Mark W. Pennak,
*Counsel for Plaintiffs-Appellants*

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that on September 12, 2023, the forgoing "PLAINTIFFS-APPELLANTS' MOTION FOR CLARIFICATION AND ALTERNATIVE MOTION RENEWING PLAINTIFFS' MOTION FOR AN INJUNCTION PENDING APPEAL were served on all counsel via ECF service:

*s/ Mark W. Pennak*

_____

MARK W. PENNAK

*Counsel for Plaintiffs-Appellants*

Dated: September 12, 2023