IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

MARYLAND SHALL ISSUE, INC., *et al.*,    *
                                          *
    Plaintiffs                                 *
                                          *
v.                                           *     No. 23-1719
                                          *
MONTGOMERY COUNTY, MARYLAND *
                                          *
    Defendant                              *

**DEFENDANT'S MOTION TO STRIKE PLAINTIFFS' SUPPLEMENTAL FACTUAL ALLEGATIONS AND EXHIBITS CONTAINED IN PLAINTIFFS' (SECOND) EMERGENCY MOTION FOR A RULE 8 INJUNCTION PENDING APPEAL**

Defendant Montgomery County, Maryland, ("the County") by and through its undersigned counsel, files its Motion to Strike the supplemental and improper factual allegations and exhibits contained in Plaintiffs' (Second) Emergency Motion for a Rule 8 Injunction Pending Appeal (the "Second Emergency Motion"). In support thereof, the County states as follows:

**I.    Procedural History and Scope of Plaintiffs' Improper Supplemental Allegations and Exhibits.**

On July 6, 2023, the District Court denied Plaintiffs' Emergency Motion for a Temporary Restraining Order and Preliminary Injunction (the "Denied Motion"). (ECF 82). The Denied Motion sought to prevent and enjoin the County from enforcing Section 57-11(a) of Chapter 57 of the Montgomery County Code (the

"County Firearms Law") against persons who have been issued a wear and carry permit by the Maryland State Police. (ECF 82).[1]

On July 7, 2023, Plaintiffs filed a notice of appeal from the District Court's July 6, 2023, Order. After requesting permission from the District Court to file for an injunction pending appeal limited to the 100-yard buffer zone under Section 57-11(a) (ECF 87), and receiving no answer, Plaintiffs proceeded to file their First Emergency Motion for an injunction pending appeal with this Court on July 17, 2023. (Doc. 10-1) ("First Emergency Motion"). Plaintiffs' First Emergency Motion sought the ***extraordinary relief*** of injunction pending appeal with respect to permit holders as to: (1) the County restrictions of possession and transport of firearms in the County's 100-yard buffer zone under 57-11(a); (2) County restrictions on keeping guns on persons or in vehicles under Section 57-10; and (3) County restrictions on firearms on places of worship under Chapter 57. (Doc. 10-1 at 8); *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008) (preliminary injunction is "an extraordinary remedy.")

On August 3, 2023, this Court denied the First Emergency Motion "without prejudice to consideration of a future, timely motion." (Doc. 21). On August 25, 2023, in response to a request from the Plaintiffs, this Court issued a clarification

---

[1] The County will refer to docket entries in the U.S. District Court (Case No. 8:21-CV-01736-TDC) as "ECF," and will use "Doc." to reference docket entries in the instant interlocutory appeal before this Court, No. 23-1719.

2

and "defer[red] consideration of the [First Emergency Motion] in order to permit Appellants to seek clarification from the district court regarding the status of the proceedings." (Doc. 31).

After receiving clarification from the District Court (ECF 92), Plaintiffs moved the District Court, again on an emergency basis, for an injunction pending appeal (ECF 93) on August 30 to which the Defendant filed an Opposition (ECF 95). Plaintiffs again sought injunctive relief as to houses of worship, which was beyond the scope of their Notice of Intent.

On September 12, 2023, the District Court issued an order (the "District Court Order") denying Plaintiffs' Emergency Motion for Injunction Pending Appeal because "Plaintiffs had not established a likelihood of success on the merits of the claims at issue, **including the claim relating to buffer zones that form the basis of the proposed injunction pending appeal.**" (ECF 97 at 2, emphasis added).

Plaintiffs then filed their Second Emergency Motion in this Court on September 12, 2023 (Doc. 38). Plaintiffs' Second Emergency Motion incorporates their First Emergency Motion, filed with this Court on July 17, 2023 (Doc. 10), by reference. (Doc. 38 at 1).

The Second Emergency Motion improperly attempts to introduce new and lengthy factual allegations and evidence available to Plaintiffs when they initially moved the District Court for an injunction in December 2022, but Plaintiffs did not

3

submit to the District Court at that time. This new evidence includes new maps (Doc. 10-1 at 11; Doc. 10-15, exhibit), a 32-page expert report of Daniel Carlin-Weber, which Plaintiffs are attempting to submit as a "Declaration" (Doc. 10-7) and the Second Supplemental Declaration of Allan Barall (Doc. 10-15). Notably, each of these supplemental factual allegations and exhibits were previously available evidence and should be stricken as "an improper attempt to 'backfill' the appellate record." *See Dmarcian, Inc. v. Dmarcian Eur. BV*, 2021 U.S. Dist. LEXIS 150517, \*7. None of Plaintiffs' "new" factual allegations contain any "new" information that was not available at the time they filed the Denied Motion. This court should not consider Plaintiffs' supplemental evidence that they "simply overlooked or forgot the first time around." *Newspaper, Newsprint, Mag. & Film Delivery Drivers, Helpers, & Handlers, Int'l Bhd. of Teamsters, Loc. Union No. 211 v. PG Publ'g Co.*, No. 2:19-CV-1472-NR, 2019 U.S. Dist. LEXIS 232000, 2019 WL 9101872, at \*3 (W.D. Pa. Dec. 27, 2019).

The undue prejudice to the County here is obvious. "[A]llowing a party to reargue its position by providing supplemental evidence would allow a party to essentially re-litigate that which has already been ruled upon and thus would create the prospect of endless litigation." *Bhatnagar v. Surrendra Overseas Ltd.,* 52 F.3d 1220, 1231 (3d Cir. 1995). In addition, "[j]urisdiction generally passes to the appellate court after an appeal has been taken, and arguments that were not advanced

4

or properly preserved in the district court are typically considered to have been waived on appeal." *Rosenzweig v. Azurix Corp.,* 332 F.3d 854, 863-64 (5th Cir. 2003). Lastly, "requiring parties to present the entire available factual record when moving for or opposing a preliminary injunction promotes diligence and preserves judicial resources that would otherwise be expended combing through multiple rounds of briefing." *Dmarcian, Inc,* U.S. Dist. LEXIS 150517, *8.

The Declaration of Daniel Joseph Carlin-Weber is the most egregious example of Plaintiffs' attempt to offer supplemental evidence. (Doc 10-7). Carlin-Weber has a background in "various computer technologies" and executed his report on July 17, 2023 (11 days after the District Court's Order denying the Denied Motion) (Doc. 10-7 at 1). Notably, Carlin-Weber's Declaration is 32 pages long (longer than the Emergency Motion) and so long that it required its own Table of Contents to navigate. *Id.* at 3. The Methodology Section of Carin-Weber's Declaration alone is five pages long. Carlin-Webber's Declaration alone contains tens (if not over 100) supplemental factual allegations.

Carlin-Weber's self-serving declaration consisted of him performing "queries" for terms such as "childcare" or "hospitals" and creating maps to enable him to come to various expert and legal conclusions, such as, "of Montgomery County's 506.91 square miles, 106.45 are excluded from carrying a loaded firearm by Bill 21-22E." *Id.* at 11. Carlin-Weber's statement is a "declaration" in name only.

5

Carlin-Weber's "Declaration" is actually an expert report and contains language routinely used by testifying experts in their FRCP Rule 26 reports, such as "preparation of this declaration was assisted by persons under my immediate control and review…" *Id*. at 2. It is not surprising that Carlin-Weber required assistance from others to research and draft his 32-page report. Critically, Carlin-Weber has not been accepted as an expert witness in this court and his methodology and scientific and legal conclusions have not been vetted or subject to cross examination which they would have been had Plaintiffs timely disclosed his opinions in the district court. His report also relies heavily upon technologies and online mapping tools which have also not been established to be reliable or accurate. Yet the Plaintiffs would now have this court accept his conclusory and unvetted scientific and legal opinions, many of which violate Fed. R. App. P. 27(a)(2)(B)(ii)'s prohibition of affidavits containing "legal argument." Query why Plaintiffs would submit such extensive supplemental evidence if they truly believed, as they say, that the factual allegations before the District Court were sufficient to prevail on the merits of its Denied Motion. (Doc 10-1 at 9).

However, despite its lengthiness, all of the information contained in the Carlin-Weber's Declaration was available to Plaintiffs at the time Bill 21-22E was enacted on November 28, 2022, and at the time they filed their Denied Motion on December 6, 2022. At no time did Plaintiffs seek to amend their Denied Motion to

6

include the lengthy supplemental arguments contained in the Carlin-Weber Declaration. Plaintiffs are the master of their own complaint and chose not to include Carlin-Weber's opinions therein.

While the County has not had reasonable and necessary time to fully evaluate Carlin-Weber's Declaration, a cursory review of it reveals numerous, readily apparent errors in both its methodology and conclusions. For example, Carlin-Weber's maps do not reflect the existence of the private residence (Section 57-11(b)(3)) or business exceptions (Section 57-11(b)(4)) where a firearm may be kept under the County Firearms Law. Using Carlin-Weber's map as support, the Emergency Motion incorrectly concludes that "it is literally impossible to drive in or through the County…with a firearm without quickly entering one or more of these 100-yard exclusionary zones [set forth in Section 57-11]." (Doc. 10-1 at 11). This is also inaccurate as a person can transport the weapon in a locked case, separate from its ammunition (Section 57-11(b)(4)). Had Carlin-Weber's opinions been timely disclosed by Plaintiffs, the report and opinions of his research team would have been subject to a full evaluation and consideration by the County and the District Court, including through cross examination and rebuttal opinions offered by an expert designated by the County.

The Second Supplemental Declaration of Allan D. Barrall should also be struck as it is an attempt to provide new factual allegations to rebut the District

7

Court's opinion in an attempt to "back-fill" the record. Just as with the Declaration of Carlin-Webber, the Second Supplemental Declaration of Barrall provides no new evidence that was not available at the time the Denied Motion was filed, including Mr. Barrall's use of Google Maps to render legal conclusions about the County Firearms Law.

## II. Plaintiffs' Prior Fourth Circuit Filings Demonstrate Why Plaintiffs' New and Supplemental Factual Allegations and Exhibits Should be Struck.

Plaintiffs submitted identical supplemental factual allegations and exhibits, including the Carlin-Weber expert report, as part their First Emergency Motion filed in this Court on July 17, 2023 (Doc. Nos. 10, 10-7). This matter was previously briefed and the County filed its motion to strike Plaintiff's improper new supplemental allegations, including the Carlin-Weber report. (Doc. No. 14). Plaintiffs filed an opposition to the motion to strike in this Court (Doc. 17) to which the County filed a reply (Doc. 20).

As to the substance of the Carlin-Weber report, Plaintiffs' Opposition to the Motion to Strike contradictorily vacillates between highlighting the difficulty ("it was hard to do") and time demands (could not "marshal necessary resources") of producing the Carlin-Weber Report, but also downplaying the report as nothing more than a series of internet searches capable of being performed by any member of the public ("*any reasonable capable person* with a modicum of computer

8

experience could duplicate those steps and come to the same result…") (Doc. 17 at 4, 6) (emphasis in original). Of course, the County disagrees with Plaintiffs' conclusions about the simplicity of the Carlin-Weber report, because, among other things, Carlin-Weber required a research team under his supervision to complete it. *Id.* at 2 ("preparation of this declaration was assisted by persons under my immediate control and review…").

The irony should not escape this court that if the results of the Carlin-Weber Report could actually be replicated by any John Doe of average intelligence with a laptop (even without a team of supporting researchers) that there is no reasonable explanation as to why Plaintiffs were unwilling or unable to timely submit the Carlin-Weber report to the District Court. (ECF 83).[2]

### III. Plaintiffs' Interpretation of Fed R. App. P. 8 is Flawed.

As set forth in Plaintiffs' previously filed Opposition to the Motion to Strike in this Court, Plaintiffs' primary argument as to why they should be permitted to include significant new factual allegations and evidence in their request for a preliminary injunction pending appeal is based upon a novel and unsupported

---

[2] MSI argued in its Opposition to the Motion to Strike that it should be permitted to file new and late evidence with its Rule 8 motion because it is an "'all-volunteer,' non-profit organization…" (Ex. 2, Doc. 17 at 4). MSI's non-profit status is not a magic wand that can be used to waive the Federal Civil and Appellate Rules of Procedure, it is a frequent and active litigant, and it should not be permitted to purposefully ignore them to the prejudice to the County.

9

interpretation of Fed R. App. P. 8. (Doc. 17 at 2). Plaintiffs are of the mistaken belief that Fed R. App. P. 8's reference to "copies of … sworn statements supporting facts subject to dispute" somehow permits the unrestricted introduction of new evidence to this court because Fed R. App. P. 8 also separately references "relevant parts of records." *Id*. Plaintiffs argue that the Rules somehow openly invite new or supplemental "sworn statements" beyond those contained "relevant parts of records" because they two are separately mentioned in Fed R. App. P. 8, but do not offer any legal citation or legislative history to support their strained interpretation of Fed R. App. P. 8.

    Wherefore, for the reasons set forth herein, Plaintiffs' improper attempts to include new and supplemental factual allegations and exhibits in the Emergency Motion should be struck.

Respectfully submitted,

JOHN P. MARKOVS
COUNTY ATTORNEY

    /s/
_____
Edward B. Lattner,
Deputy County Attorney
edward.lattner@montgomerycountymd.gov
Bar No. 03871

    /s/
_____
Erin J. Ashbarry, Chief
Division of Government Operations
erin.ashbarry@montgomerycountymd.gov
Bar No. 26298

/s/
Matthew H. Johnson
Associate County Attorney
matthew.johnson3@montgomerycountymd.gov
Bar No. 17678

Attorneys for Defendant-Appellee
Montgomery County, Maryland
101 Monroe Street, Third Floor
Rockville, Maryland 20850-2540
(240) 777-6700
(240) 777-6705 Fax

# CERTIFICATE OF COMPLIANCE

Pursuant to Rule 27(a), Rule 27(d) and Rule 32(g)(1) of the Federal Rules of Appellate Procedure, the undersigned counsel here certifies that the foregoing Motion to Strike contains 2170 words, not counting those items which may be excluded under Rule 32(f), and uses a 14 point, Times New Roman proportional font. I hereby certify that counsel for Plaintiffs has been informed of the intended filing of this motion and did not consent to the granting of the motion.

/s/
Matthew H. Johnson

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 20th day of September 2023, a copy of the foregoing was filed to be transmitted via this Court's CM/ECF Electronic Document Filing System to:

Mark W. Pennak
Maryland Shall Issue, Inc.
9613 Harford Rd., Ste C #1015
Baltimore, Maryland 21234-21502
mpennak@marylandshallissue.org
*Attorney for Plaintiffs-Appellants*

David H. Thompson
Peter A. Patterson
Cooper & Kirk, PLLC
1523 New Hampshire Avenue, N.W.
Washington, D.C. 20036
dthompson@cooperkirk.com
ppatterson@cooperkirk.com
*Attorneys for Plaintiff-Appellant MSI*

Matthew Larosiere
Law Office of Matthew Larosiere
6464 Houlton Circle
Lake Worth, Florida 33467
larosieremm@gmail.com
*Attorney for Plaintiffs-Appellants*

                                                  /s/
                                       Matthew H. Johnson