

**President**
Mark W. Pennak

October 2, 2023

Nwamaka Anowi
Clerk of the Court
Lewis F. Powell Jr. Courthouse & Annex
1100 East Main Street, Suite 501
Richmond, VA 23219

Re: *Maryland Shall Issue, Inc., et al. v. Montgomery Co., MD,*
No. 23-1719 (4th Cir.).

Dear Ms. Anowi:

    Pursuant to Federal Rule of Appellate Procedure 28(j), Plaintiffs-Appellants Maryland Shall Issue, Inc., et. al, respectfully submit this letter to bring to the Court's attention the attached opinion and order entered in *Kipke v. Moore*, Nos. 23-1293 & 23-1295 (D.Md., Sept. 29, 2023). Plaintiffs in *Kipke* (including Maryland Shall Issue) have challenged aspects of Senate Bill 1, Maryland 2023 Session Laws, ch. 680 ("SB 1"), which was enacted by the Maryland General Assembly in response to *NYSRPA v. Bruen*, 142 S.Ct. 2111 (2022). In that decision, the court preliminarily enjoined enforcement of those parts of SB 1 that (1) banned carry by permit holders *into* privately owned buildings otherwise open to the public without the express consent of the owner, (2) banned carry by permit holders into any location which is licensed to serve alcohol or cannabis for on-site consumption, and (3) banned carry within 1,000 feet of a public demonstration. The court held that Plaintiffs were likely to succeed on their Second Amendment challenge to these provisions, that Plaintiffs had shown irreparable injury and that the balance of the equities favored Plaintiffs.

    Plaintiffs-Appellants do not endorse some of the *Kipke* court's reasoning, including especially the court's mistaken reliance on late 19th and 20th century statutes as appropriate analogues under *Bruen*. But *Kipke* does support Plaintiffs-Appellants' argument that Montgomery County's far more extreme ban on the possession, transport, transfer, and sale of any firearm at and within 100 yards of any of thousands of privately owned locations is not sufficiently supported by historical analogues from *any* era and thus violates the Second Amendment. *See* Motion for Inj. Pending Appeal at 8-19 (ECF 10-1), Reply in Support of Motion at 8; Renewed Motion 4-6 (ECF 38-1), and Reply In Support of Renewed Motion at 4-5 (ECF 45).

      We would appreciate it if your Office could distribute this letter to this Court's motions panel which is currently considering plaintiffs-appellants' motion for an injunction pending appeal.[1]

Sincerely,
/s/
Mark W. Pennak
Maryland Shall Issue, Inc.
9613 Harford Rd, Ste, C #1015
Baltimore, MD 21234-21502
mpennak@marylandshallissue.org
Phone: (301) 873-3671
Counsel for Plaintiffs
cc:  All Counsel via ECF service

.

---

[1] Counsel certifies that the body of this letter contains 323 words and thus complies with the 350 word limit set forth in Rule 28(j).