

November 22, 2023

VIA ECF

Nwamaka Anowi, Clerk of the Court
United States Court of Appeals
 for the Fourth Circuit
Lewis F. Powell Jr. Courthouse & Annex
1100 East Main Street, Suite 501
Richmond, VA 23219

Re:   *Maryland Shall Issue, Inc., et al. v. Montgomery County, Maryland,*
      Case No. 23-1719 (4th Cir.).

Dear Ms Anowi:

Pursuant to Rule 28(j), FRAP, and Local Rule 28(e), plaintiffs-appellants respectfully bring to the Court's attention the decision of this Court in *Maryland Shall Issue, Inc. v. Moore*, Nos. 21-2017, 21-2053, 2023 WL 8043827 (4th Cir. Nov. 21, 2023) ("*MSI*"). Please distribute this letter and the attached opinion to the panel hearing argument in this case. Argument is tentatively scheduled for the week of January 23, 2024.

*MSI* is the first decision of this Court to apply *New York State Rifle & Pistol Association, Inc. v. Bruen*, 142 S. Ct. 2111 (2022), and the Court's analytical approach is instructive. First, this Court looked to the Founding era in evaluating whether Maryland (the defendant in that case) presented relevantly similar analogues as defined by *Bruen*. *MSI* at *8–*9. This reliance supports plaintiffs' argument that the Founding era is the relevant period for conducting the historical inquiry mandated by *Bruen*. Br. at 18-26; Reply 4-10.

Second, this Court provided guidance about applying *Bruen*'s "how" and "why" metrics for evaluating whether a historical analogue is "relevantly similar." See *id*. at *7-*8. Notably, the Court rejected laws that burdened rights in a different way than the challenged law. See *id*. at *8–*9. The Court's analysis supports plaintiffs' arguments on this same point. Br. at 28-33, 37, 41; Reply at 11-12, 15, 22-23.

Third, this Court cited approvingly its prior decision in *Hirschfeld v. ATF*, 5 4th 407 (4th Cir. 2021), *vacated as moot*, 14 F.4th 322 (4th Cir. 2021), *cert. denied sub. nom. Marshall v. ATF*, 142 S.Ct. 1447 (2022). *MSI*, 2023 WL 8043827, at *8. Plaintiffs rely on *Hirschfeld*, Br. at 23-24;

Reply at 6-7, as confirming that the Founding era is the "critical period" for assessing the Second Amendment's historical meaning.[1]

Respectfully submitted,

*/s Mark W. Pennak*

Mark W. Pennak, Counsel for Plaintiffs-Appellants

cc: All Counsel via ECF.

---

[1] Undersigned counsel certifies that the body of this letter contains 294 words and is thus compliant with the 350-word limit of Rule 28(j).