IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY, MARYLAND

**MARYLAND SHALL ISSUE, INC.**, *et al.*,

 *Plaintiffs,*

vs.

**MONTGOMERY COUNTY, MARYLAND**,

 *Defendant.*

Case No.: 485899V

Judgment

**ORDER GRANTING DECLARATORY RELIEF**

 UPON CONSIDERATION of the motion for summary judgment and motion to dismiss filed by the defendant, Montgomery Co., Maryland ("the County"), the cross-motion for summary judgment filed by plaintiffs, and the parties' oral argument on October 10, 2023, and pursuant to MD Code, Courts and Judicial Proceedings, § 3-409, it is, by the Circuit Court for Montgomery County, Maryland, hereby

 ORDERED, that the County's motion for summary judgment is DENIED, and that the plaintiffs' motion for summary judgment on Counts I, II, and III of the Second Amended Complaint is GRANTED; and ORDERED, that the County's motion to dismiss one plaintiff, Maryland Shall Issue, Inc., as a party for lack of standing is GRANTED, and, for the reasons set forth in the Court's November 27, 2023, Opinion, it is accordingly,

 DECLARED that MD Code, Criminal Law, § 4-209(a) "preempts the right of a county, municipal corporation, or special taxing district to regulate the purchase, sale, taxation, transfer, manufacture, repair, ownership, possession, and transportation of: (1) a handgun, rifle, or

- Page 1 -

Entered: Clerk, Circuit Court for Montgomery County, MD
December 15, 2023


EXHIBIT G

shotgun; and (2) ammunition for and components of a handgun, rifle, or shotgun," and that the exceptions to this broad preemption under MD Code, Criminal Law § 4-209(b)(1), are to be narrowly and strictly construed and, as thus construed, do not authorize the County to regulate firearms in a manner inconsistent or in conflict with State law or in a manner expressly or impliedly preempted by other provisions of State law or for the County to enact a "general law" or a conflicting law within the meaning of Article XI-A, § 3 of the Maryland Constitution, and it is further

DECLARED that the term "place of public assembly" as defined and applied in Chapter 57 includes purely privately owned property, regardless of whether such private property is even otherwise open to the public, and impermissibly broadens the reach of the term "place of public assembly," as used in MD Code, Criminal Law, § 4-209(b)(1)(iii), to reach such private property and other locations not contemplated or authorized by Section 4-209(b)(1)(iii), and it is further

DECLARED that Chapter 57 of the County Code, in so far as it regulates the manufacture, possession, transfer, sale and transport of firearms, privately made firearms, and components of firearms is preempted by MD Code, Criminal Law, § 4-209(a), and in conflict and inconsistent with, and impliedly preempted by, the comprehensive and intertwined scheme of existing State regulation of firearms, as embodied, *inter alia*, in Senate Bill 1, 2023 Session Laws, Chapter 680, (2) Senate Bill 387, 2022 Session Laws, Ch. 19, (3) House Bill 425, 2022 Maryland Session Laws, Ch. 18, (4) House Bill 1021, 2022 Session Laws, Ch. 55, (5) Senate Bill 858, 2023 Session Laws, Ch. 622, (6) House Bill 824, 2023 Maryland Session Laws Ch. 65, and (7) other provisions of Maryland firearms law and practices, including MD Code, Criminal Law, § 4-203, MD Code, Natural Resources, § 10-410(c)(1), subtitle 1 of Title 5 of the Public

Entered: Clerk, Circuit Court for
Montgomery County, MD
December 15, 2023

Safety Article of the Maryland Code, the regulations promulgated by the Maryland State Police and the separate regulatory system adopted by the General Assembly for the regulation of the sale, possession, transfer and transport of long guns (rifles and shotguns), and it is further

DECLARED, that Chapter 57 of the County Code, in so far as it regulates the possession, sale, transfer and transport of regulated firearms is in conflict and is inconsistent with and preempted by the express preemption provisions of (1) Section 6 and Section 8 of 1972 Maryland Session Laws, Ch. 13, (2) MD Code, Public Safety, § 5-104, (3) MD Code, Public Safety, § 5-133(a), (4) MD Code, Public Safety, § 5-134(a), and is impliedly preempted by the comprehensive and intertwined scheme of regulation of handguns and other regulated firearms established by State law, and it is further

DECLARED, that Chapter 57 of the County Code, in so far as it regulates the transfer of long guns (rifles and shotguns), is in conflict and is inconsistent with and preempted by the express preemption provisions of MD Code, Public Safety, § 5-207(a), and is impliedly preempted by the comprehensive and intertwined scheme of regulation of long guns established by State law, and it is further

DECLARED that Chapter 57 of the County Code, to the extent it regulates the sales of regulated firearms made by State licensed firearms dealers, is expressly preempted by MD Code, Public Safety, § 5-104, and it is further

DECLARED that to the extent Chapter 57 of the County Code regulates the existence, operations, insurance, inventory, square footage, sales, location and physical security of State licensed firearms dealers, it is impliedly preempted by the comprehensive system of regulation of such dealers in subtitle 1 of Title 5 of the Public Safety Article of the Maryland Code, and in regulations adopted or may be adopted by the Maryland State Police pursuant to its regulatory

Entered: Clerk, Circuit Court for
Montgomery County, MD
December 15, 2023

powers over such dealers, and that accordingly the County may not engage in such regulation of State licensed dealers, and it is further

DECLARED that Chapter 57 of the County Code is not a "local law" within the meaning of Maryland Constitution, Art. XI-A, § 3, with respect to the regulation of possession and transport of firearms by persons who have been issued a wear and carry permit under MD Code, Public Safety, § 5-306, by the Maryland State Police, and, accordingly, the County may not regulate the possession and transport of firearms by such persons; and it is further

DECLARED that Section 57-10 of the County Code is not a "local law" within the meaning Maryland Constitution, Art. XI-A, § 3, with respect to the "keeping" of firearms on the person or in vehicles, and such subject matter is otherwise regulated by a comprehensive and intertwined system of State regulation and that, accordingly the County may not regulate the "keeping" of firearms on the person or in a vehicle; and it is further

DECLARED that Chapter 57 of the County Code is not a "local law" within the meaning Maryland Constitution, Art. XI, § 3, with respect to the manufacture, sale, possession, transport or transfer of "regulated firearms" as that term is defined MD Code, Public Safety, § 5-101(r), or components or of rifles or shotguns or of privately made firearms, and is otherwise regulated by a comprehensive and intertwined system of State regulation, and accordingly the County may not regulate the manufacture, possession, ownership, sale, transport or transfer of any regulated firearm or rifles or shotguns, or components thereof; and it is further

DECLARED that the County may enact and enforce a "local law" that regulates the unsupervised "access" to firearms by minors under Section 57-7 of the County Code, but MD Code, Criminal Law, § 4-209(a), preempts any County regulation of the manufacture, possession, sale, transport or transfer of firearms, privately made firearms or components of

Entered: Clerk, Circuit Court for
Montgomery County, MD
December 15, 2023

firearms by adults in the "presence" of minors, and accordingly, the authority accorded to the County by MD Code, Criminal Law, 4-209(b)(1)(i) with respect to minors is limited to regulating such unsupervised "access" to firearms by minors, and it is further

DECLARED that the County may not regulate the access to or the possession of a regulated firearm by a minor where such access and/or possession is permitted by MD Code, Public Safety, § 5-133(d); and it is further

DECLARED that the County may not regulate the possession or access of long guns (rifles or shotguns) by a minor who has a hunter safety certificate issued by the Maryland Department of Natural Resources, as otherwise permitted by MD Code, Criminal Law, § 4-104, as amended by SB 858, 2023 Session Laws, Ch. 622; and it is further

DECLARED that the County may not ban the temporary transfer, possession or transport of any firearm or components of firearms by or to a minor who is under the supervision of the minor's parents or qualified instructors or other qualified individuals, as otherwise permitted by State law; and it is further

DECLARED that Chapter 57's bans on manufacture, possession, transfer, sale, or transport of firearms and components conflict and are inconsistent with and are expressly preempted as well as impliedly preempted by specific and express preemption statutes and the comprehensive and intertwined scheme of existing State regulation, and thus the bans and restrictions imposed by Chapter 57 on such items violate the Express Powers Act, MD Code, Local Government, § 10-206, and the Maryland Constitution, Article XI-A, § 3, and it is further

DECLARED that in so far as County Code Chapter 57 purports to ban or regulate the continued manufacture, possession, transfer, sale, or transport of otherwise lawful privately made firearms and components of firearms on or after the effective date of County Bill 4-21,

Entered: Clerk, Circuit Court for
Montgomery County, MD
December 15, 2023

1  the County has acted *ultra vires* and has committed a Taking of private property without just
2  compensation in violation of Article III, § 40 of the Maryland Constitution and Article 24 of
3  the Maryland Declaration of Rights; and it is further

4      DECLARED that this DECLARATION OF RIGHTS does not affect the right or ability
5  of the County to enforce and apply those parts of County Code Chapter 57 that pertain to the
6  County "Firearm Safety Committee" (Section 57-2), the County's "urban area boundary"
7  (Section 57-3) the discharge of firearms (Section 57-4 and Section 57-5) or of bows (Section
8  57-6), or the distribution of child safety devices with the sale of a handgun (Section 57-8), or
9  that part of Chapter 57 that regulates the unlawful ownership or possession of firearms by
10 persons who are otherwise disqualified from ownership or possession of firearms by applicable
11 State and federal law (Section 57-9), or the right of the County to regulate the conduct and
12 activities of County law enforcement officers and agencies, as authorized by MD Code,
13 Criminal Law, § 4-209(b)(1)(ii), or the County's right to control the use of public funds
14 (Section 57-13), or the exemptions from Chapter 57 (Section 57-14), or the penalty provisions
15 of Chapter 57 (Section 57-15), or the reporting provisions imposed on the County Police
16 (Section 57-16). These subsections of Chapter 57 are DECLARED severed from the rest of
17 Chapter 57 by this Order and may continue in effect.

18
19                                         _____
20        12/12/2023             JUDGE, Circuit Court for
21  DATED: _____      Montgomery County, Maryland

*Ronald B. Rubin*

22  cc:    All parties of record

Entered: Clerk, Circuit Court for
Montgomery County, MD
December 15, 2023

- Page 6 -