# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

| | |
|---|---|
| **MARYLAND SHALL ISSUE, INC.**, *et al.*, | ) ) ) |
| *Plaintiffs*, | ) ) |
| v. | ) No. 23-1719 ) ) |
| **MONTGOMERY COUNTY, MD,** | ) ) ) |
| *Defendant*. | ) ) ) |

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO HOLD APPEAL IN ABEYANCE**

Pursuant to Rule 27 of the Federal Rules of Appellate Procedure, plaintiffs-appellants respectfully submit this opposition to defendant-appellee's motion to hold this case in abeyance, filed on December 19, 2023, by the appellee, Montgomery County, Maryland ("the County"). For the reasons set forth below, the County's motion to hold this appeal in abeyance should be denied.

### A. Statement of the Case

This appeal is limited to the Second Amendment claim set forth in Count VII of the Second Amended Complaint. That claim essentially alleges that the County has effectively banned carry of firearms by persons who have been issued a wear and carry permit by the Maryland State Police through County Bill 21-22E, which amended Chapter 57 of the County Code. Count VII specifically seeks injunctive

1

and declaratory relief as well as "compensatory damages, including nominal damages, for the foregoing violations of their Second Amendment rights." *See* Second Am. Compl., ¶ 158, Co. Ex. A at 78 (citing *Uzuegbunam v. Preczewski*, 141 S.Ct. 792 (2021)).

The district court below denied a preliminary injunction on that Second Amendment claim and plaintiffs appealed. The appeal is fully briefed and was initially scheduled for oral argument for January 23, 2023, prior to being *sua sponte* continued by the Court. The County contends that the Court should hold this appeal in abeyance while the County appeals the adverse November 27, 2023, decision of the Montgomery County Circuit Court on the purely State law claims set forth in Counts I-III of the Second Amended Complaint. That decision held, *inter alia*:

> In the court's view, and *as counsel for the County conceded at oral argument*, the County wanted, among other things, to largely eliminate the State granted right to wear and carry a firearm in the County, even when the individual held a State issued concealed carry permit. Chapter 57, as intended by the County, effectively bans the concealed carry of a firearm in Montgomery County outside of one's home or business, effectively nullifying a State granted right to those who have applied for and received a concealed carry permit by the Maryland State Police.

Slip op. at 15, Co. Ex. F (emphasis added). The Court thus granted summary judgment for plaintiffs, holding:

> [T]he comprehensive and intertwined scheme of existing State regulation preempts Montgomery County's efforts, through Chapter 57, to place additional legal hurdles on wear and carry permit holders, State licensed firearms dealers and privately made firearms. Section 4-209(b) simply does

2

not allow a county effectively to nullify nearly all other State firearms rights and restrictions, at least not in the manner attempted in this instance.

*Id*. at 18. Plaintiffs have stressed the point that the County's law effectively bans carry throughout the County by permit holders in their brief filed with this Court. See Br. of Appellants at 42-48. In its brief, the County has ignored the argument and has thus effectively conceded the point, as it did expressly at oral argument in State court. Count VII alleges that Bill 21-22E unconstitutionally denies plaintiffs and other permit holders the "general right" to carry in public recognized in *NYSRPA v. Bruen*, 597 U.S. 1 (2022).

> **B. The State Appellate Proceedings Cannot Affect The Ultimate Resolution Of This Case**

The County has filed a notice of appeal of the Circuit Court's ruling to Maryland's Appellate Court (Maryland's intermediate court of appeals) and now seeks to stay proceedings in this Court under Local Rule 12(d) on grounds that the County's appeal "may affect the ultimate resolution" of this appeal and that "[j]udicial economy weighs in favor of this appeal being held in abeyance pending the outcome of the appeal of the Circuit Court's decision in Maryland's appellate courts." Cnty. Mot. at 4–5. Those contentions are both factually and legally wrong.

First, holding this case in abeyance will not "affect the ultimate resolution of this appeal" because a state court ruling on the State law issues on Counts I-III of the Second Amended Complaint will not assist in the resolution of the Second

3

Amendment issue presented in Count VII at issue on this appeal. The legal issues are entirely distinct. Count I alleges that the County's law is not a "local law" under Article XI-A, § 3 of the Maryland Constitution. Count II alleges that the County's law is contrary to Maryland's Express Powers Act, MD Code, Local Government, § 10-206, which bans local laws that conflict with or are inconsistent with State law. Count III alleges that the County's law constitutes a "Taking" under Article III, § 40 of the Maryland Constitution and Article 24 of the Maryland Declaration of Rights. Count VII, before this Court on this appeal, alleges that the County's law violates the Second Amendment. Nor does the injunction accorded by the State court on the State claims eliminate the necessity for injunctive relief in this case. Should the Maryland appellate courts rule in favor of the County, the plaintiffs would then be left without the protection of an injunction during the time it would take to get this appeal argued and decided.

Moreover, there is no possibility that a decision on the State claims could moot the Second Amendment claim because plaintiffs have expressly sought compensatory damages and nominal damages on that Second Amendment claim. Second Am. Compl., ¶ 158, Co. Ex. A at 78. The Supreme Court has made clear that that "[a]s 'long as the parties have a concrete interest, however small, in the outcome of the litigation, the case is not moot.'" *Chafin v. Chafin*, 568 U.S. 165, 172 (2013), quoting *Knox v. Serv. Emps. Intern. Union, Local 1000*, 567 U.S. 298, 307–08

4

(2012). In *Uzuegbunam v. Preczewski*, the Supreme Court held that "[d]espite being small, nominal damages are certainly concrete" and thus a claim for nominal damages is, alone, sufficient to render a claim "not moot." 141 S. Ct. 792, 801–02 (2021). In short, holding this case in abeyance will do nothing but pointlessly delay the resolution of the Second Amendment claim.

Second, the County's attempt to delay these proceedings is simply a repeat of the same attempt at delay the County tried and failed to obtain in district court. Specifically, in August of 2022, the County removed this entire case to federal district court under 28 U.S.C. § 1441, and then requested "that the state law claims in Counts I, II, and III again be remanded to state court and that the federal claims be stayed and held in abeyance." *MSI v. Montgomery Co.*, No. 21-1736, slip op. at 6 (Co. Ex. B). The district court rejected that stay request, noting that "examination of the federal claims may still be necessary going forward." *Id.*, slip op. at 11. The court further explained:

> Although it would be arguably more efficient to await the resolution of the state law claims in order to assess whether it would result in a narrowing of the issues to be decided, the Court is cognizant of the fact that regardless of whether it is intentional, the practical effect of the County's proposed resolution of the Motion is to delay or circumvent Plaintiffs' ability to have their federal claims considered. When such constitutional rights are at issue, such delay is not justified based solely on issues of judicial economy.

*Id*. The same considerations obtain here on the County's renewal, in this Court, of the same abeyance request rejected by the district court. As explained above, judicial

5

economy is not served by holding this case in abeyance. The delay sought by the County is simply delay for the sake of delay. As the district court held, federal constitutional rights cannot be treated so cavalierly.

### C.  Abeyance Would Be Contrary To Equitable Principles

Plaintiffs do not dispute that the Court has inherent authority to manage its docket, but that power is not without limitations. *See Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936) ("[T]he supplicant for a stay must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one else."); *Williford v. Armstrong World Industries, Inc.*, 715 F.2d 124, 127–28 (4th Cir. 1983) (sustaining a refusal to stay proceedings pending resolution of another case, holding "proper use of this [stay] authority 'calls for the exercise of judgment which must weigh competing interests and maintain an even balance'" and that "[t]he party seeking a stay must justify it by clear and convincing circumstances outweighing potential harm to the party against whom it is operative"), quoting *Landis*, 299 U.S. at 254–55. *See also Steel Erectors, Inc. v. J.A. Jones Const. Co.,* 865 F.2d 255 (Table), 1988 WL 1318 at *2 (4th Cir. 1988) (requiring the movant "to justify the requested stay by clear and convincing circumstances that outweighed the potential harm to [another party] against whom the stay would operate"); *Belize Social Development Ltd. v. Gov't of Belize*, 668 F.3d 724, 732–33 (D.C. Cir. 2012), *cert. denied*, 568

6

U.S. 882 (2012) (on a writ of mandamus, applying *Landis* and reversing a stay as unjustified by any "pressing need"). The County has not asserted that a stay of this appeal is necessary to avoid any "hardship" or "inequity" much less established such matters by "clear and convincing" evidence. The appeal has been fully briefed and all that remains is oral argument.

It is likewise well-established that this Court generally does not have the authority to refuse to adjudicate a claim otherwise within its jurisdiction. See *Mata v. Lynch*, 576 U.S. 143, 150 (2015) ("[W]hen a federal court has jurisdiction, it also has a 'virtually unflagging obligation ... to exercise' that authority.") (citation omitted). *Accord Wash. Gas Light Co. v. Prince George's Cnty. Council*, 711 F.3d 412, 418 (4th Cir. 2013). *See also Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 81-82 (2013) ("[O]ur dominant instruction that, even in the presence of parallel state proceedings, abstention from the exercise of federal jurisdiction is the 'exception, not the rule'") (citation omitted); *Jonathan by Dixon v. Justice*, 41 F.4th 316, 328-29 (4th Cir. 2022) (discussing *Sprint*); *Ewell v. Toney*, 853 F.3d 911, 916-17 (7th Cir. 2017) (reversing abstention order). And the County does not even argue that any of the limited exceptions to that general duty apply here.

In sum, Count VII cannot be mooted by State proceedings on Counts I-III. There is likewise no unclear issue of state law that would be "dispositive" of the constitutionality of Bill 21-22E under the Second Amendment or could otherwise

7

moot this case. As noted above, the County "conceded" in the State court proceedings that Bill 21-22E effectively eliminated the right of permit holders to carry in the County by creating thousands of often-interlocking 100-yard exclusionary zones that made carry impossible as a practical matter and the County does not contest that point before this Court. Holding this appeal in abeyance is (1) unsupported, (2) pointless, and (3) prejudicial to the proper and prompt adjudication of plaintiffs' constitutional rights.

## CONCLUSION

The County's motion to hold this appeal in abeyance should be denied.

/s/ Mark W. Pennak

_____
MARK W. PENNAK
Maryland Shall Issue, Inc.
9613 Harford Rd, Ste, C #1015
Baltimore, MD 21234-21502
mpennak@marylandshallissue.org
Phone: (301) 873-3671
Bar No. 21033

/s/ Matthew Larosiere

_____

Matthew Larosiere
The Law Office of Matthew Larosiere
6964 Houlton Cir
Lake Worth, FL 33467
larosieremm@gmail.com
Phone: (561) 452-7575
*Counsel for Plaintiffs*

Dated: December 22, 2023

8

## CERTIFICATE OF COMPLIANCE

Pursuant to Rule 27(d) and Rule 32(g)(1) of the Federal Rules of Appellate Procedure, the undersigned counsel here certifies that the forgoing Plaintiffs' Memorandum In Opposition To Defendant's Motion To Hold Appeal In Abeyance contains 1847 words, not counting those items which may be excluded under Rule 32(f), and uses a 14 point, Times New Roman proportional font.

*/s/ Mark W. Pennak*

Mark W. Pennak,
*Counsel for Plaintiffs-Appellants*

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that on December 22, 2023, the forgoing "Plaintiffs' Memorandum In Opposition To Defendant's Motion To Hold Appeal In Abeyance" was served on all counsel of record via ECF service.

*s/ Mark W. Pennak*

_____
MARK W. PENNAK
*Counsel for Plaintiffs-Appellants*

Dated: December 22, 2023