IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

Maryland Shall Issue, Inc., *et al.*,

   *Plaintiffs-Appellants,*

v.

Montgomery County, Maryland

   *Appellee*

No.: 23-1719

**MONTGOMERY COUNTY, MARYLAND'S
REPLY TO PLAINTIFFS' RESPONSE TO MOTION FOR ABEYANCE**

Pursuant to Federal Rule of Appellate Procedure 27 and Local Rule 12(d), Defendant-Appellee Montgomery County, Maryland ("County") respectfully files this reply to Plaintiffs' Opposition to the County's request for entry of an Order to hold his appeal in abeyance.

1.    Plaintiffs' interlocutory appeal seeks the very relief afforded by the Circuit Court for Montgomery County, Maryland – an injunction that enjoins enforcement of the County's firearms law as amended by Bills 4-21 and 21-22E. There is no need for this Court to act while the Circuit Court's injunction remains in effect or pending the outcome of the County's appeal of that injunction.

2.    Plaintiffs' Opposition provides no grounds that alter the foregoing analysis. There is no reason for this Court to determine whether to enjoin as unconstitutional a law that is already enjoined permanently.

3.  Plaintiffs lament that if the County is successful in the state court appeal, it will take Plaintiffs time to get this matter back on this Court's docket for argument. *See* Pls. Opp'n at 4. This ignores the flip side of that coin: the challenged law will never be enforced if the County is not successful in its state court appeal. This Court need not expend time and resources on an enjoined law that may never be enforced. *See PDK Lab'ys Inc. v. Drug Enf't Admin.*, 362 F.3d 786, 799 (D.C. Cir. 2004) (Roberts, J., concurring in part and concurring in judgment) ("[I]f it is not necessary to decide more, it is necessary not to decide more.").[1]

4.  Plaintiffs argue this Court should not hold the appeal in abeyance because their Second Amendment claim for damages must be adjudicated. *See* Pls. Opp'n. at 4. The present procedural posture of this interlocutory appeal, seeking a preliminary injunction of a law that is now permanently enjoined from being enforced, is not the proper procedural vehicle for that adjudication.

5.  Contrary to Plaintiffs' argument, the County's request for an abeyance is not an attempt at delay, *see* Pls. Opp'n at 5, or a demand that this Court refuse to adjudicate a matter within its jurisdiction, *see* Pls. Opp'n at 7, but rather as noted in

---

[1] Although not relevant to the Motion for Abeyance, the County does not agree with the Circuit Court's characterization of the County's "concessions" at oral argument (*see* Pls.' Opp'n at 2) as to the scope of the effect of County's now-enjoined firearms law.

2

its Motion is a request that is supported by judicial economy. There is no need to for this Court to conduct the analysis for a preliminary injunction – or balance any equities (*see* Pls. Opp'n at 6) – when the law at issue is already enjoined.

WHEREFORE, the County respectfully requests that the Court enter an Order that holds this matter in abeyance pending the County's appeal of the Circuit Court's Memorandum Decision and Order, Declaratory Judgment Order, and Order Granting Injunctive Relief.

Respectfully submitted,

JOHN P. MARKOVS
COUNTY ATTORNEY


/s/ *Edward B. Lattner*
Edward B. Lattner
Deputy County Attorney

/s/ *Erin J. Ashbarry*
Erin J. Ashbarry
Chief, Government Operations Division

/s/ *Matthew H. Johnson*
Matthew H. Johnson
Assistant County Attorney

Executive Office Building
101 Monroe Street, Third Floor
Rockville, Maryland 20850
(240) 777-6700
(240) 777-6705 fax
Attorneys for Defendant-Appellee
Montgomery County, Maryland

3

## CERTIFICATE OF COMPLIANCE WITH RULE 27(d)

Certificate of Compliance With Length Limitation,
Typeface Requirements, and Type Style Requirements

1. This Motion complies with the length limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because this Motion contains 479 words.

2. This Motion complies with the typeface and type-style requirements of Federal Rules of Appellate Procedure 27(d)(1)(E), 32(a)(5) and 32(a)(6) because this Motion has been prepared in a proportionally spaced typeface using Microsoft Word in Times New Roman 14-point font.

                                                /s/ *Erin J. Ashbarry*
                                                Erin J. Ashbarry
                                                Chief, Government Operations Division

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 26, 2023, a copy of the foregoing was filed to be transmitted via this Court's CM/ECF Electronic Document Filing System to:

    Mark W. Pennak
    Maryland Shall Issue, Inc.
    9613 Harford Rd., Ste C #1015
    Baltimore, Maryland 21234-21502
    mpennak@marylandshallissue.org
    *Attorney for All Plaintiffs-Appellants*

    David H. Thompson
    Peter A. Patterson
    Cooper & Kirk, PLLC
    1523 New Hampshire Avenue, N.W.
    Washington, D.C. 20036
    dthompson@cooperkirk.com

ppatterson@cooperkirk.com
*Attorneys for Plaintiff-Appellant MSI*

Matthew Larosiere
Law Office of Matthew Larosiere
6464 Houlton Circle
Lake Worth, Florida 33467
larosieremm@gmail.com
*Counsel for all Plaintiffs-Appellants*

                                     /s/ *Erin J. Ashbarry*
                                     Erin J. Ashbarry