

December 26, 2023

VIA ECF

Nwamaka Anowi, Clerk of the Court
United States Court of Appeals
 for the Fourth Circuit
Lewis F. Powell Jr. Courthouse & Annex
1100 East Main Street, Suite 501
Richmond, VA 23219

Re:   *Maryland Shall Issue, Inc., et al. v. Montgomery County, Maryland,*
      Case No. 23-1719 (4th Cir.).

Dear Ms Anowi:

Pursuant to Rule 28(j), FRAP, plaintiffs-appellants respectfully bring to the Court's attention the decision of the Second Circuit in *Antonyuk v. Chiumento*, 2023 WL 8518003 (2d Cir. Dec. 8, 2023), which concerned the constitutionality of sensitive-place provisions in New York's post-*Bruen* firearms law. *Antonyuk* rejected New York's effort to "turn much of the state . . . into a default no-carriage zone" through its presumptive ban on firearms on private-property. *Id*. at *82. Montgomery County's ordinance does the same thing through the creation of thousands of often interlocking 100-yard exclusionary zones in which all firearms are banned. *See* Br. of Appellants at 42–48.

*Antonyuk* upheld provisions of New York's statute but only did so after purporting to discover a historical tradition of banning firearms in "crowded areas," 2023 WL 8518003, at *59; id. at *60, *62, *64, *65, *69, *75, an analysis in conflict with *Bruen*'s admonition that "there is no historical basis" to declare a place sensitive "simply because it is crowded" and which "eviscerate[s]" the right to carry in "cities." 597 U.S. 1, 31 (2022). See Br. of Appellants at 40, Reply at 11. *Antonyuk* also erroneously relied on the now vacated decision in *NRA v. Bondi*, 61 F.4th 1317, 1322 (11th Cir. 2022), *rehearing en banc granted*, 72 F.4th 1346 (Mem) (11th Cir. July 14, 2023), *see* 2023 WL 8518003, at *16, as well as on sources that *Bruen* repudiated, *see*, e.g., *id*., at *60, by giving undue weight to late-19th-century and  territorial evidence over conflicting evidence from the Founding and early Republic era. Compare *id*. at *66–*69, with *Bruen*, 597 U.S. at 26, 36–37. See Br. of Appellants at 18–19, 26–27, Reply 8–9. The Second Circuit further erred in suggesting that a different analysis was appropriate "[b]ecause the [New York statute] is a state law," 2023 WL 8518003, at *15, thereby ignoring *Bruen*'s holding that the

Second Amendment has "the same scope" against the States as it does against the federal government. *Bruen*, 597 U.S. at 37; *see also* Br. of Appellants at 19, Reply at 8.[1]

Respectfully submitted,

*/s Mark W. Pennak*

Mark W. Pennak, Counsel for Plaintiffs-Appellants

cc: All Counsel via ECF.

---

[1] Counsel certifies that the body of this letter contains 347 words and is compliant with the 350-word limit established by Rule 28(j).