IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

MARYLAND SHALL ISSUE, INC., *et al.*,

    *Plaintiffs,*

v.

MONTGOMERY COUNTY, MD,

    *Defendant.*

)
)
)
)
)
)
)
)
)
)
)
)
)

No. 23-1719

**MOTION OF PLAINTIFFS-APPELLANTS TO HOLD APPEAL IN ABEYANCE**

Pursuant to Rule 27 of the Federal Rules of Appellate Procedure, the plaintiffs-appellants move this Court for an order holding this appeal in abeyance pending final disposition of proceedings associated with this Court's recent decision in *Kipke v. Moore*, 165 F.4th 194 (4th Cir. 2026). For the reasons set forth below, this motion should be granted.

As plaintiffs previously reported in a status report filed on April 28, 2026, the State law claims in this case were adjudicated by the Maryland Supreme Court in *Engage Armament LLC, et al. v. Montgomery County, MD*, No. SCM-REG-0009-2025, --- Md. ---, --- A.3d ----, 2026 WL 1144313 (April 28, 2026). The Court vacated the decision of the Maryland Appellate Court with instructions to affirm in part and reverse in part the decision of the Circuit Court for Montgomery County

1

and remand to that court with instructions to enter judgment and award declaratory and injunctive relief consistent with this opinion. 2026 WL 1144313 at *2 & at *30.

In *Kipke*, this Court struck down as unconstitutional Maryland's presumptive ban on carry by permit holders on private property held open to the public, as imposed by MD Code, Criminal Law, § 6-411(d). *See* 165 F.4th at 205 ("We hold that Maryland's prohibition on carrying guns on private property held open to the public is unconstitutional and affirm the district court."). The Court rejected the plaintiffs' challenges to other restrictions at issue in that appeal.

The Maryland Supreme Court's decision on the State law claims cannot and does not moot the Second Amendment claims at issue on this appeal for at least two reasons. First, the Maryland Supreme Court's decision sustained the State law authority of the County to ban arms within 100 yards of privately owned locations open to public, such as places of "worship, entertainment, education, or recreation." 2026 WL 1144313 at *15-*16. That holding permits the County to regulate under State law vast numbers of private businesses and other privately owned places that are open to the public but lie within 100 yards of the locations at which the County has imposed its bans. These 100-yard gun-free zones thus include precisely the types of private property as to which *Kipke* invalidated any presumptive bans of firearms in absence of the private owner's permission. Indeed, the County's law is worse. Unlike the State law at issue in *Kipke*, the County's bans apply *regardless* of the

2

private owner's wishes. Indeed, unlike the State law at issue in *Kipke,* the County's bans impose strict criminal liability for any violation.

The Maryland Supreme Court also held that the County had authority to regulate the possession of firearms in businesses and on "real estate" (outside the home) owned or leased by a resident, as otherwise expressly permitted by State law. *Id.* at *21-*22. Count VII of the Second Amended Complaint, at issue in this appeal, encompasses these claims as well. See Second Amended Complaint, ¶¶ 149-154. As to all these matters, plaintiffs' Second Amendment claims and request for equitable relief (and damages) remain fully operative. Plaintiffs have expressly sought equitable relief, compensatory damages and nominal damages on these Second Amendment claims. See Second Amended Complaint, ¶ 158 (JA091).

Second, plaintiffs' demand for damages also apply to the County's violations of the Second Amendment where the Maryland Supreme Court held that the County overstepped its State law authority. Such illegal actions under State law include the County's over-zealous regulation of "places of public assembly;"[1] its illegal (and

---

[1] The Court stated: "[W]e conclude that hospitals, community health centers, long-term facilities, childcare facilities, and 'government building[s], including any place owned by or under the control of the County,' are not fairly encompassed within the definition of a 'place of public assembly.'" 2026 WL 1144313 at *16. The Court also invalidated the County's attempt to regulate possession of arms at "a 'gathering of individuals to collectively express their constitutional right to protest or assemble.'" *Id.* at *17.

3

unconstitutional) regulation of possession of arms by adults in the mere "presence" of minors;[2] its unlawful attempt to regulate the serialization of "ghost guns;"[3] and its improper attempt to regulate the possession and transport of arms by persons who have been issued Maryland carry permits.[4] Again, the County's illegal bans at these locations are  part of Count VII of the Second Amended Complaint.

The United States Supreme Court has made clear that that "[a]s 'long as the parties have a concrete interest, however small, in the outcome of the litigation, the case is not moot.'" *Chafin v. Chafin*, 568 U.S. 165, 172 (2013), quoting *Knox v. Serv. Emps. Intern. Union, Local 1000*, 567 U.S. 298, 307–08 (2012). *See also MOAC Mall Holdings LLC v. Transform Holdco LLC*, 598 U.S. 288, 295 (2023) ("A 'case becomes moot only when it is impossible for a court to grant any effectual relief

---

[2] The Count invalidated subsection 57-7(d) of the County's ordinance, stating that subsection "prohibits a broad swath of otherwise lawful (and constitutionally protected) conduct by adults merely because it occurs in the presence of a minor, without any apparent connection to whether that activity might result in minors gaining unsupervised access to those firearms." *Id*. at *18

[3] The Court stated that the County "cannot dictate who may render those firearms compliant with federal and State law in a manner that is inconsistent with those authorities." *Id.* at *25. The Second Amendment damages associated with this holding are likely to be significant, as the County's law for years prevented plaintiff Engage Armament from serializing firearms in accordance with State law as part of its business as a federally licensed firearms dealer.

[4] The Court stated: "We hold that § 57-11(a), as amended, is not a local law because of its application to holders of State-issued wear-and-carry permits traveling on public highways who cross within 100 yards of a place of public assembly." *Id.* at *25.

whatever to the prevailing party.'"), quoting *Chafin*, 568 U.S. at 172. In *Uzuegbunam v. Preczewski*, the Supreme Court held that "[d]espite being small, nominal damages are certainly concrete." 592 U.S. 279, 290-91 (2021). Accordingly, a claim for nominal damages is, alone, sufficient to render a claim "not moot" under *Chafin*. Accord *Wells v. Johnson*, 150 F.4th 289, 305-06 (4th Cir. 2025).

By order issued on March 2, 2026, this Court stayed its mandate in *Kipke* under Rule 41(d) of the Federal Rules of Appellate Procedure to allow the plaintiffs in that case to file a petition for certiorari. Rule 41(d)(1) requires a showing that the petition "would present a substantial question and that there is good cause for a stay." That petition by the plaintiffs is currently due to be filed with the Supreme Court on May 20, 2026, and will challenge those provisions of Maryland law that were upheld in *Kipke*. In the meantime, on April 20, 2026, Maryland filed its own "hold petition" for certiorari pending a decision of the Supreme Court in *Wolford v. Lopez*, No. 24-1046 (argued Jan. 20, 2026). See *Moore v. Kipke*, No. 25-1206 (U.S. docketed April 22, 2026). The issue before the Court in *Wolford* is whether a State (Hawaii in that case) may presumptively ban firearms on private property held open to public. As noted above, in *Kipke*, this Court invalidated the same restriction imposed by Maryland law, MD Code, Criminal Law, § 6-411(d).

Plaintiffs respectfully submit that further proceedings in *Kipke* and, potentially, the Supreme Court's upcoming decision in *Wolford,* will bear directly on the Second Amendment claims in this case. Accordingly, this appeal should continue to be held in abeyance pending final resolution of the *Kipke* petitions for certiorari and the decision in *Wolford*. For the same reasons, plaintiffs have likewise asked the district court in this case to continue to hold trial court proceedings in abeyance with respect to the other federal claims in this case. See *MSI v. Montgomery Co., Md.*, No. 21-cv-01736-TDC (L) (D. Md.).

## CONCLUSION

The motion to hold this appeal in abeyance pending final disposition of the *Kipke* petitions for certiorari and *Wolford* should be granted.

Respectfully submitted,

*/s/ Mark W. Pennak*

_____

MARK W. PENNAK
Maryland Shall Issue, Inc.
9613 Harford Rd, Ste, C #1015
Baltimore, MD 21234-21502
mpennak@marylandshallissue.org
Phone: (301) 873-3671
Bar No. 21033

Matthew Larosiere
The Law Office of Matthew Larosiere
6964 Houlton Cir
Lake Worth, FL 33467
larosieremm@gmail.com
Phone: (561) 452-7575

6

*Counsel for Plaintiffs*

Dated: May 8, 2026

## CERTIFICATE OF COMPLIANCE

Pursuant to Rule 27(d) and Rule 32(g)(1) of the Federal Rules of Appellate Procedure, the undersigned counsel here certifies that the foregoing Motion To Hold In Abeyance contains 1340 words, not counting those items which may be excluded under Rule 32(f), and uses a 14 point, Times New Roman proportional font.

<u>/s/ Mark W. Pennak</u>
Mark W. Pennak,
*Counsel for Plaintiffs-Appellants*

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that on May 8, 2026, the foregoing MOTION OF PLAINTIFFS-APPELLANTS TO HOLD APPEAL IN ABEYANCE was served on all counsel of record via ECF service.

*s/ Mark W. Pennak*

_____
MARK W. PENNAK
*Counsel for Plaintiffs-Appellants*